James **WARHAWK**, Appellant
(Defendant),

v.

The **STATE** of Wyoming,
Appellee (Plaintiff).

No. 92–224.

Supreme Court of Wyoming.

April 15, 1993.

Donald L. Painter, Casper, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Atty. Gen., Barbara L. Boyer, Sr. Asst. Atty. Gen., and Mark T. Moran, Asst. Atty. Gen., for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

MACY, Chief Justice.

Appellant James Warhawk appeals from his conviction for forgery in violation of Wyo.Stat. § 6–3–602(a)(ii) and (b) (1988).

We affirm.

Appellant raises a single issue for our consideration:

1. Whether the State's expert handwriting witness, Pat Burgen, was qualified to render an opinion that Defendant forged this check in question.

Appellant was a member of the Arid Club of Casper, a club for recovering alcoholics. Between ten o'clock in the evening

on September 12, 1991, and the early morning hours of September 13, 1991, someone stole approximately $38 and three blank checks from the Arid Club. Randall Abbot, the Arid Club's president, did not realize that the checks had been stolen until the bank called to inquire about an Arid Club check in the amount of $487.96 which had been negotiated at Smith's Food & Drug. Before he could stop payment on the other checks, a second stolen check in the amount of $258.79 was cashed at Oil City Liquors. The third check was never recovered. Both of the recovered checks were made payable to James Maness, and each indicated that it was for "construction." Mr. Abbot testified that both checks were written without his authority and that, to the best of his knowledge, James Maness never performed any construction work for the club. He also testified that Appellant sometimes used his mother's maiden name, which was Maness.

At trial, Pat Burgen, a detective with the Casper Police Department, provided the principal link between Appellant and the forged checks. Detective Burgen comprehensively described the process which he used to compare the endorsements on the Arid Club checks with a sample of Appellant's known handwriting. He concluded that it was "highly probable" that the endorsement on the back of the check cashed at Smith's Food & Drug was Appellant's handwriting. Appellant was further implicated by the fact that the check cashed at Smith's Food & Drug had an identification number on the back which corresponded to the number on a Wyoming identification card issued in James Maness' name and containing Appellant's photograph.

The evidence associating Appellant with the Oil City Liquors check was more tenuous. Detective Burgen found only slight similarities between the endorsement and Appellant's handwriting. The writing on the back of the check was sloppy and did not contain any conclusive characteristics which could identify Appellant as being the endorser. The jury found that Appellant was guilty of forging the check cashed at Smith's Food & Drug and that he was not guilty of forging the Oil City Liquors check.

■ Appellant argues that the trial court should have excluded Detective Burgen's opinion because the detective lacked sufficient qualifications to render an expert opinion. He claims in his brief that Detective Burgen's qualifications were inadequate because, among other things, the detective did not establish whether he had a college degree, whether he was certified in his field, or whether he satisfied the minimum training requirements for being a police officer. Appellant did not object at trial to the detective's expertise on any of these grounds, nor did he request to voir dire the detective. Since Appellant did not object at trial to Detective Burgen's testimony, we must decide whether the trial court committed plain error by allowing the testimony. W.R.Cr.P. 52(b); W.R.E. 103(d). To invoke the doctrine of plain error, Appellant must demonstrate the presence of the following three elements:

> " 'First, the record must be clear as to the incident which is alleged as error. Second, the party claiming that the error amounted to plain error must demonstrate that a clear and unequivocal rule of law was violated. Finally, that party must prove that a substantial right has been denied him and as a result he has been materially prejudiced.' "

*Ramos v. State*, 806 P.2d 822, 827 (Wyo. 1991) (quoting *Bradley [v. State]*, 635 P.2d [1161,] 1164 [Wyo.1981]).

*Rands v. State*, 818 P.2d 44, 48 (Wyo.1991).

■ Appellant's argument fails to satisfy the second prong of the plain error test because Detective Burgen's testimony did not violate a clear and unequivocal rule. Pursuant to W.R.E. 702, a witness may be qualified as an expert by "knowledge, skill, experience, training, or education." The assistant district attorney in this case laid a sufficient evidentiary foundation to establish Detective Burgen as being an expert. Detective Burgen was a police officer for fourteen years and a detective for four years. He started investigating forgery cases for the Casper Police Department in

1989 and, at the time of trial, had investigated "[w]ell over two hundred" cases. In 1990, he received seventy hours of training in questioned documents from the United States Secret Service. The detective received additional training in forensic document examination under Andrew Bradley (although the record does not disclose the length of this training or Mr. Bradley's position). Further support for Detective Burgen's expertise is found in the fact that he previously testified in court over fifty times regarding handwriting analyses. The foregoing qualifications displayed that Detective Burgen had adequate knowledge and experience in the field of handwriting analysis for the trial court to accept him as an expert witness. *See Chavez v. State*, 604 P.2d 1341 (Wyo.1979), *cert. denied*, 446 U.S. 984, 100 S.Ct. 2967, 64 L.Ed.2d 841 (1980) (officer with qualifications similar to Detective Burgen's considered as being an expert). Consequently, the trial court did not commit plain error.

Affirmed.