Roland MUNOZ, Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 92–84.

Supreme Court of Wyoming.

April 5, 1993.

Leonard D. Munker, State Public Defender, Gerald M. Gallivan, Director, Wyoming Defender Aid Program, and John Robinson, Student Intern, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Atty. Gen., Barbara L. Boyer, and Paul S. Rehurek, Sr. Asst. Attys. Gen., for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

TAYLOR, Justice.

Appellant was found guilty of unlawful delivery of marijuana. He raises three issues on appeal:

1. Did the trial court err in admitting audio tapes into evidence and in allowing the jury to read the transcripts of the tapes?

2. Did the trial court err in allowing the audio tapes and tape player to go into the jury room during deliberations?

3. Did the trial court err in denying challenges for cause to three prospective jurors?

In an effort to obtain lenient consideration of pending criminal charges, Brian E. Schwab (Schwab) agreed to assist the Department of Criminal Investigation (DCI) in arranging a drug buy from appellant. On January 19, 1990, Schwab was fitted with a transmitter and a recording device. Schwab made contact with appellant at his home and attempted to arrange a buy on behalf of DCI Agent Richard Spencer. Appellant was wary of making the sale, expressing his concern that he was being watched and was under surveillance by drug agents.

The following day, January 20, 1990, Schwab was again fitted with a recorder, and DCI Agent Spencer was fitted with a transmitting device, and the two proceeded to appellant's house. As they drove up, appellant met them, jumped in the back seat and instructed them to drive around the block. Appellant asked DCI Agent Spencer if he wanted a quarter ounce of marijuana. DCI Agent Spencer replied, "yes," and appellant handed him a bag of marijuana in exchange for forty-five dollars in cash. This transaction was duly recorded on DCI Agent Spencer's and Schwab's recording and transmitting devices. Appellant was arrested and charged with delivery of a controlled substance, marijuana, in violation of Wyo.Stat. § 35–7–1031(a)(ii) (1988).

Upon trial, the jury found appellant guilty of delivery of marijuana. The trial court sentenced appellant to a term of not less than one nor more than three years in the Wyoming State Penitentiary. The sentence was suspended, and appellant was placed on probation for three years.

I.

On the first morning of trial, the trial court judge advised counsel and appellant that he had listened to the tapes recorded on January 19 and 20, 1990 and found them to be sufficiently audible for admission into evidence. When the tapes were played at trial, the jury was furnished with transcripts to assist them in understanding the tapes. The transcripts were prepared by DCI Agent Spencer. The trial court properly instructed the jury that the transcripts were an aid to understanding the tapes, and that the words on the tapes controlled over the transcripts. *United States v. Devous*, 764 F.2d 1349, 1354 (10th Cir.1985).

 The preparation of the transcripts by DCI Agent Spencer was perhaps ill advised; however, the record does not demonstrate any variance between the tapes and the transcripts. When testimony supplied by either the transcriber or a participant in the conversation verifies the transcript's accuracy, authentication is satisfied. *Id.* at 1355. DCI Agent Spencer testified that the transcripts accurately reflected the taped conversation; the transcript was, therefore, properly authenticated.

 The admission of evidence, including the admission of transcripts to assist the trier of fact, lies within the sound discretion of the trial court and will not be disturbed absent a clear abuse of discretion. *Vasquez v. State*, 623 P.2d 1205, 1208 (Wyo.1981); *Devous*, 764 F.2d at 1354.

It was a proper exercise of the trial court's discretion to admit the audio tapes into evidence and to allow the jury to read the transcripts of the conversations.

## II.

The trial court properly allowed the audio tapes to go with the jury into deliberations. Appellant claims that allowing the audio tapes to go with the jury into the deliberations was error, violating this court's holding in *Chambers v. State*, 726 P.2d 1269 (Wyo.1986) (citing *Schmunk v. State*, 714 P.2d 724 (Wyo.1986)). In *Chambers*, we held that a *testimonial* videotape may not go to the jury for unsupervised viewing during deliberations. *Chambers*, 726 P.2d at 1276. We explained that a court may, in rare circumstances, permit a jury to view portions of a testimonial videotape, but the court must first ascertain exactly why the jury wants to view the videotape and whether the tape will give the jury key facts without unduly emphasizing a witness's testimony. *Id.* at 1277. Finally, the trial court "must only show the relevant portions under carefully controlled procedures." *Id.*

Here, the tapes are a record of a criminal drug transaction, not testimony. Appellant concedes that the *Chambers* and *Schmunk* rules apply to testimonial evidence, but urges this court to extend those rules to cover situations like this involving audio tapes admitted as non-testimonial exhibits.

■ In general, the trial court has discretion over whether to permit non-testimonial exhibits into the jury room during deliberations. *Stephens v. State*, 774 P.2d 60, 70 (Wyo.1989); *Stone v. State*, 745 P.2d 1344, 1349 (Wyo.1987). Absent an abuse of that discretion, we will not disturb the trial court's decision. This court discussed the use of audio tapes in jury deliberations in *Pino v. State*, 849 P.2d 716, 719 (Wyo. 1993). Quoting from Louisell and Mueller, we noted:

> "Quite sensibly, courts have had some reluctance to permit the jury to take with it documents of a testimonial character, lest they 'act as a speaking, continuous witness * * * to the exclusion of the

totality of the evidence taken at the trial which must be viewed in its entirety.'
* * *

> But there is no rule of exclusion for tangible exhibits with verbal content. Nontestimonial exhibits with such content, such as contract documents or *recordings of criminal acts* which are verbal in nature, are generally allowed to go into the deliberations. Indeed, it would be highly peculiar to withhold such things from the jury's scrutiny, and somewhat inconsistent with the whole philosophy underlying the Best Evidence Rule[.]"

*Pino*, at 719 (emphasis in original) (*quoting* 3 David W. Louisell and Christopher B. Mueller, *Federal Evidence* § 390, at 683–84 (1979 & Supp.1992)).

■ The trial court carefully reviewed the audio tapes, and we find no abuse of discretion in allowing the tapes and audio tape player into the jury room. The tapes were a record of a criminal transaction and were non-testimonial and thus available to the jury in their deliberations as any other exhibit.

## III.

Appellant challenges as reversible error the district court's overruling of appellant's challenges for cause to three jurors. Appellant asserts the prospective jurors should have been excused for cause because of their biases against the entrapment defense and because they confessed they would not want to be tried themselves by a jury containing members who shared their frames of mind.

During the voir dire, defense counsel informed the jury panel that no question existed that appellant delivered drugs. He then advised the prospective jurors that appellant's defense would be entrapment, which he described as "a term for trapping somebody" or that appellant was "tricked" into selling drugs.

Four jurors expressed concern with a defense that would exonerate the appellant if the sale was the result of a "trick" as described by defense counsel. The four

prospective jurors were challenged for cause and the trial court inquired into their ability to follow the trial court's instructions concerning entrapment. One indicated he could not set aside his feelings and follow the court's instructions and was excused. Three advised the trial court that they would try to follow the trial court's instructions. None of the prospective jurors expressed any bias or prejudice, but simply concern that a "trick" or "trap" would be a complete defense to the charge of delivery of marijuana. In reality, the prospective jurors were trapped in that they could not accept the erroneous explanation of the law of entrapment as described by appellant's counsel.

To establish reversible error in the denial of a challenge for cause:

> It is sufficient that appellant challenged the unqualified juror for cause, the court denied the challenge, appellant did not accept the jury because of it, and he exhausted his peremptory challenges.

*Lee v. State*, 743 P.2d 296, 298 (Wyo.1987). It is not grounds for a successful challenge for cause if the prospective juror can set aside a supposed bias and decide the case only on the evidence presented in court. *Gresham v. State*, 708 P.2d 49, 56 (Wyo. 1985); *Collins v. State*, 589 P.2d 1283, 1289 (Wyo.1979). When this claim is presented as an issue on appeal, the appellate court will uphold the trial court's determination unless satisfied there has been a clear abuse of discretion. *Summers v. State*, 725 P.2d 1033, 1046 (Wyo.1986).

The trial court, upon examination, correctly determined the jurors could decide the case on the evidence and follow the trial court's instructions on the defense of entrapment. We find no abuse of discretion in denying appellant's challenges for cause based on the jurors' misgivings about the entrapment defense.

Appellant waived his claim to reversible error with respect to his challenges based on the jurors' professed frames of mind by passing the jury panel for cause. While defense counsel did preserve his objections to the three jurors, he nonetheless accepted the panel:

> [DEFENSE COUNSEL]: * * *
>
> Your Honor, I would pass the entire panel for cause.
>
> THE COURT: Very well.
>
> [DEFENSE COUNSEL]: Reserving, of course, my objections to the three previous.

As noted above, to establish reversible error, appellant must show he did not accept the jury. *Lee*, 743 P.2d at 298. The record demonstrates appellant did accept the jury, and we therefore find no reversible error.

Affirmed.