**William BAIER, Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

**No. 94–40.**

Supreme Court of Wyoming.

March 7, 1995

Leonard D. Munker, State Public Defender and Deborah Cornia, Appellate Counsel, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Atty. Gen., D. Michael Pauling, and Mary Beth Wolff, Sr. Asst. Attys. Gen., for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

LEHMAN, Justice.

The primary question presented by this appeal is the proper form of an instruction with respect to self-defense when it is given to a jury in an aggravated assault and battery trial. Appellant was charged with aggravated assault and battery in violation of W.S. 6–2–502(a)(ii) (1988). After a jury trial, appellant was found guilty; and the district court sentenced him to a term of not less than two and one-half years nor more than four years in the Wyoming State Penitentiary. Appellant appeals from that conviction, stating the issues as follows:

I. Did the trial court err when it improperly charged the jury on the law of self-defense?

II. Did the prosecution violate Wyoming Rules of Evidence 401 and 403 by eliciting improper victim impact testimony at trial?

III. Was the evidence produced at trial insufficient to negate appellant's claim of self-defense?

The State rephrases the issues as:

I. Did the trial court properly instruct the jury?

II. Was the evidence produced at trial relevant and probative on the elements of the crime of aggravated assault and battery?

We affirm.

### FACTS

At about 10:30 p.m. on August 9, 1993, Evelyn Morelli and her husband Joseph arrived at the Cheyenne Village Inn to eat. Shortly after they were seated in a booth, two off-duty morning cooks entered the res-

taurant. One of these off-duty cooks was the defendant and appellant in this case, William Baier, and the other one was Kevin Harris (hereinafter Harris). Both the appellant and Harris were extremely intoxicated.

Once the appellant and Harris entered the Village Inn, they were met by the host. An argument arose wherein the host stated to appellant and Harris that it was the restaurant's policy not to allow employees at the restaurant when they were off-duty, and he asked them to leave. The host eventually told them they could stay in the lobby and he would get them an order. While the host went to give the cooks their order, appellant and Harris sat down in a booth directly behind the Morellis.

As the Morellis were enjoying their meal, appellant and Harris started conversing in a very loud manner, engaging in vulgar language. Appellant directed some language at Mrs. Morelli. Mr. Morelli got out of his seat and approached appellant and Harris. He stood at the entry to their booth and asked them if they would mind lowering their voices and discontinuing the vulgar language. Harris apologized to Mr. Morelli and told him that they would quiet down.

However, appellant did not take so kindly to Mr. Morelli's request. Appellant stated to Mr. Morelli that "Nobody tells me what I can say or anything." Appellant then attempted to exit the booth, grabbing Mr. Morelli's shoulder. In response, Mr. Morelli grabbed appellant around the neck in order to restrain him. Mr. Morelli held appellant in this position for approximately one minute. Mr. Morelli then shoved appellant back in the booth and told him to sit down and keep his mouth shut.

Mr. Morelli then leaned over appellant's and Harris' table, both of his hands empty and resting on the table, and asked Harris to calm appellant down so that there would be no more trouble. Harris told Mr. Morelli that he would try. As Mr. Morelli was conversing and focusing on Harris, appellant came up out of the booth and struck Mr. Morelli in the face. Mr. Morelli felt blood gushing from his face, and he grabbed appellant's right arm. Mr. Morelli only then realized that appellant had a fork in his right

hand and that appellant had stabbed him in his eye with the fork. Mr. Morelli again grabbed appellant and shoved him down on the table, restraining appellant while he waited for someone to help control the situation.

The host and a waiter eventually pulled Mr. Morelli off appellant. When appellant was released from Mr. Morelli's grasp, he got up from the table and ran to the east end of the restaurant. The host and the waiter followed appellant and attempted to control him. Appellant swung his fists at the host and the waiter several times, and then he ran out of the restaurant.

Appellant was apprehended by the Cheyenne City Police Department approximately one and one-half blocks from the Village Inn. Mr. Morelli was taken by ambulance to the United Medical Center–West and subsequently underwent surgery for his eye injury.

### ISSUE I: JURY INSTRUCTIONS STANDARD OF REVIEW

The duty of the trial court is to present in the instructions to the jury the law applicable to the issues actually raised by the evidence. *Hatheway v. State*, 623 P.2d 741, 743 (Wyo.1981). It is well settled that a trial court is given wide latitude in instructing the jury; and as long as the instructions correctly state the law and the entire charge to the jury adequately covers the issues, reversible error will not be found. *Scadden v. State*, 732 P.2d 1036, 1053 (Wyo.1987). The instructions are to be viewed in their entirety and read together to determine if this obligation is met. *Ostrowski v. State*, 665 P.2d 471, 487 (Wyo.1983). A defendant has the right to have instructions on his theory of the case or his defense presented to the jury if the instructions sufficiently inform the jury of the theory or defense and if competent evidence exists which supports the law expressed in the instructions. *Amin v. State*, 811 P.2d 255, 261 (Wyo.1991) (*citing Thom v. State*, 792 P.2d 192, 195 (Wyo.1990)). The trial court, however, may properly refuse a requested instruction, even if correct, where the principles of the instruction have been covered properly and sufficiently by other

instructions. *Thom,* at 195 (*quoting Miller v. State,* 755 P.2d 855, 864 (Wyo.1988)). "It is within the court's discretion to present its own instruction or instructions covering the defendant's theory of the case." *Sanchez v. State,* 694 P.2d 726, 729 (Wyo.1985). Applying these standards to the instructions given in this case, we find no error requiring reversal.

### DISCUSSION

Appellant's first contention challenges the district court's refusal to give appellant's requested self-defense instructions. Appellant contends that the instructions given by the district court erroneously charged the jurors on the law to apply to self-defense in an aggravated assault and battery case. The district court gave the following instructions to the jury regarding appellant's theory of the case:

### INSTRUCTION NO. 1

It is incumbent upon the prosecution to establish all the material allegations of the Information beyond a reasonable doubt. The material allegations of the Information as here used are as follows:

"[T]hat WILLIAM BAIER * * * On or about the 9th day of August, 1993, at the County of Laramie, State of Wyoming, * * * did unlawfully and feloniously, intentionally and knowingly cause bodily injury to Joe Morelli with a fork, deadly weapon, contrary to W.S. § 6–2–502(a)(ii), 1977 Republished Edition."

Also, the issue of self-defense has been presented.

If the allegations of the Information are established in your minds beyond a reasonable doubt and if you are convinced beyond a reasonable doubt that the defendant was not acting in self-defense, then the prosecution has established beyond a reasonable doubt all of the guilt of the defendant.

It is not meant that it is incumbent upon the prosecution to prove every fact surrounding such testimony beyond a reasonable doubt. All that is incumbent on the prosecution is that all the facts and circumstances taken together should establish the defendant's guilt beyond a reasonable doubt. If you are satisfied beyond a reasonable doubt from all the evidence in the case of the defendant's guilt, you should find such defendant guilty.

### INSTRUCTION NO. 2

The necessary elements of the crime of aggravated assault and battery, are:

1. The crime occurred within the county of Laramie on or about the date of August 9, 1993; and
2. The defendant intentionally or knowingly caused;
3. Bodily injury to another;
4. With a deadly weapon;
5. Not in self-defense.

If you find from your consideration of all of the evidence that any of these elements has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

If, on the other hand, you find from your consideration of all of the evidence that each of these elements has been proved beyond a reasonable doubt, then you should find the defendant guilty.

### INSTRUCTION NO. 3

(i) "Bodily injury" means physical pain, illness or any impairment of physical condition;

(iv) "Deadly weapon" means but is not limited to a firearm, * * * or other device, instrument, material or substance, which in the manner it is used or is intended to be used is reasonably capable of producing death or serious bodily injury[.]

### INSTRUCTION NO. 4

One is justified to act in self-defense if he believed that he was in immediate danger of harm as made it reasonable and necessary to use the degree of force actually involved; that the circumstances were such to warrant reasonable grounds for such belief in the mind of a reasonable man; and that there was no other reasonable method of escaping or resolving the conflict.

## INSTRUCTION NO. 5

The burden of proving a defendant guilty beyond a reasonable doubt rests upon the State. This burden never shifts throughout the trial. The law does not require a defendant to prove his innocence or to produce any evidence whatsoever. He may rely upon evidence brought out on cross-examination of witnesses for the State. If the State fails to prove a defendant guilty beyond a reasonable doubt, the jury must acquit him.

■ Appellant objected to Instruction No. 4, alleging that it did not adequately meet or explain the law of self-defense as it exists in Wyoming. Appellant attacks Instruction No. 4 for two reasons: 1) the instruction required the defendant to retreat before defending himself, and 2) the instruction was insufficient because it failed to inform the jurors on the reasonableness of the force used by the defendant, that actual danger was not required, and that the defendant had a right to arm himself. Appellant contends that he was denied the opportunity to present his theory of the case by the district court's refusal to give the following proposed instructions, all taken from the Wyoming Pattern Jury Instructions:

### 5.210 ACTUAL DANGER NOT NECESSARY TO CLAIM OF SELF–DEFENSE

To justify acting in self-defense, it is not necessary that the danger was real, or that the danger was impending and immediate, so long as the defendant had reasonable cause to believe and did believe these facts. If these two requirements are met, acting in self-defense was justified even though there was no intention on the part of the other person to do him harm, nor any impending and immediate danger, nor the actual necessity for acting in self-defense.

### 5.208 SELF–DEFENSE AGAINST ASSAULT

It is lawful for a person who is being assaulted to defend himself from attack if he has reasonable grounds for believing and does believe that bodily injury is about to be inflicted upon him. In doing so he may use all force and means which he believes to be necessary and which would appear to a reasonable person, in the same or similar circumstances, to be necessary to prevent the injury which appears to be imminent.

### 5.204 RIGHT TO ARM

One who has reasonable grounds to believe that another will attack him, and that the anticipated attack will be of such a character as to endanger his life or limb, or to cause him serious bodily harm, has a right to arm himself for the purpose of resisting such attack.

If the defendant armed himself in reasonable anticipation of such an attack, that fact alone does not make the defendant the aggressor or deprive the defendant of the right of self-defense.

The district court properly rejected appellant's proposed jury instructions. We hold that the given instructions, taken as a whole, adequately informed the jury of appellant's theory of the case and of the State's burden of proof, including the negation of appellant's assertion of self-defense. We also hold that Instruction No. 4 adequately and sufficiently explained the law of self-defense as it exists in Wyoming. We find no error, plain or otherwise.

■ The law of self-defense finds its foundation in the concept of necessity. *Garcia v. State*, 667 P.2d 1148, 1152 (Wyo.1983) (*quoting Durham v. State*, 29 Wyo. 85, 96, 210 P. 934, 938 (Wyo.1922)). The right to defend oneself, and the amount and type of force used, is relative to what is reasonably necessary under the circumstances. It is for the jury to determine whether a defendant reasonably perceived a threat of immediate bodily injury under the circumstances and whether the defendant defended himself in a reasonable manner. Thus, the jury must evaluate the totality of the circumstances and evaluate all of the defendant's options in protecting himself from such a perceived threat of harm.

In the instant case, the district court instructed the jury, via Instruction No. 1, that

in order to find appellant guilty of the crime of aggravated assault and battery, it had to find beyond a reasonable doubt that appellant intentionally or knowingly caused bodily injury to another with a deadly weapon and not in self defense. Element 5 in Instruction No. 2 adequately informed the jury that the State had the burden of proving beyond a reasonable doubt that appellant did not act in self-defense. Instruction No. 3 defined deadly weapon. In Instruction No. 4, the district court properly instructed the jury on the law of self-defense in Wyoming, sufficiently apprising the jury that self-defense is a question of necessity that is evaluated under the totality of the circumstances and in light of what is reasonable and appropriate. Instruction No. 4 also informed the jury that they were to evaluate the threat of danger or harm in the context of what the appellant reasonably believed.

Appellant's theory of the case was that he acted in self-defense in stabbing Mr. Morelli in the eye. The district court adequately instructed the jury on appellant's theory in Instruction Nos. 1, 2, and 4. The principles embodied in appellant's proposed instructions were adequately and sufficiently contained in the district court's given Instruction No. 4. We have held that a trial court may properly refuse a requested instruction, even if correct, where the principles of the instruction have been covered properly and sufficiently by other instructions. *Thom,* 792 P.2d at 195 (*quoting Miller v. State,* 755 P.2d at 864). "It is within the court's discretion to present its own instruction or instructions covering the defendant's theory of the case." *Sanchez v. State,* 694 P.2d at 729. This is exactly what the district court did, and there was no error.

Appellant contends that his proposed instruction relating to the right to arm oneself in self-defense should have been given. We have had occasion before to discuss the law relating to the duty of the court to give an instruction on the right of the accused to arm himself. In *Summers v. State,* 725 P.2d 1033 (Wyo.1986), we recognized that we had embraced 41 C.J.S. *Homicide* § 378c.(4) as reflecting the law relating to the duty to give an instruction on the right of

an accused to arm himself. *Summers,* 725 P.2d at 1044 (*citing Brown v. State,* 80 Wyo. 12, 29–30, 336 P.2d 794, 800–01 (1959)). Section 378c.(4) stated the proposition that an instruction regarding the accused's right to arm himself is neither necessary nor proper where the court instructs as to self-defense without any limitation as to provoking the difficulty. In 1991, § 378c.(4) was amended to read:

*Right to arm self.*

Where the court restricts the issue of self-defense by submitting the issue of provoking the difficulty, it should also instruct the jury as to accused's right to arm himself in anticipation of danger. Such an instruction is not required where the court instructs as to self-defense without any limitation as to provoking the difficulty.

41 C.J.S. *Homicide* § 350c (footnotes omitted). This section embodies the principles we adopted in *Summers* and *Brown;* accordingly, we accept 41 C.J.S. *Homicide* § 350c as reflecting the correct law relating to the duty to give an instruction on the right of an accused to arm himself.

We stated in *Summers* that *Brown v. State* is "an example of the general rule adopted in Wyoming that in reviewing questions involving instructions the trial court may refuse to give proposed instructions even if they are correct so long as the principles embodied in the requested instructions are covered by the other instructions which are given." *Summers,* at 1044 (*citing Ostrowski v. State,* 665 P.2d at 486). In *Summers* we held that the refusal to give appellant's requested instruction on the right to arm oneself was not error, as the principles embodied in the requested instruction were embodied in the other instructions that were given. *Summers,* at 1045. The same is true in the case at bar: The principles embodied in appellant's proposed Instruction 5.204 were embodied in Instruction No. 4, which was given by the district court.

Instruction No. 4 sufficiently informed the jury that they were to evaluate the totality of the circumstances and the appellant's use of force. Thus, the jury was adequately informed that they were to evaluate all of appellant's actions, which would include ap-

pellant arming himself with a fork. It was within the district court's discretion whether or not to specifically instruct the jury that appellant had a right to arm himself. Special circumstances might require the court to give an instruction on the right to arm oneself. *Brown*, 80 Wyo. at 30, 336 P.2d at 801. We find no special circumstances in this case. Additionally, appellant's proposed Instruction 5.204 was not required because the district court instructed the jury on self-defense without any limitation as to provoking the difficulty. *Brown*, 80 Wyo. at 31, 336 P.2d at 801; *Summers*, at 1044. We find no abuse of discretion and no error in the district court's refusal to give appellant's proposed instruction on the right to arm oneself in self-defense.

■■■ Appellant takes offense at Instruction No. 4's inclusion of the statement that "there was no other reasonable method of escaping or resolving the conflict." Appellant contends that the instruction failed to inform the jurors that they first must find that the fork was used with deadly force and that there was no absolute duty to retreat in this case. We have stated that the law in Wyoming requires that, prior to resorting to deadly force, a defendant has a duty to pursue reasonable alternatives under the circumstances, and that among those reasonable alternatives may be the duty to retreat. *Garcia v. State*, 667 P.2d at 1153. We also stated in *Garcia* that the duty to retreat, where it prevails, is applied in cases of actual assault.

Appellant's claim of error is misguided because he was charged with aggravated assault and battery which requires a finding beyond a reasonable doubt that he used a deadly weapon. The jury was charged in Instruction No. 2 with finding beyond a reasonable doubt that appellant used a deadly weapon. The district court then correctly charged the jury in Instruction No. 4 that in evaluating appellant's self-defense claim, they must find that there were no other reasonable alternatives of escaping or resolving the conflict prior to appellant using a deadly weapon with force. Reading these two instructions together, *Vigil v. State*, 859 P.2d 659, 663 (Wyo.1993) (*citing Ostrowski v.*

*State*, 665 P.2d at 487), we find the jury was sufficiently apprised that they must find appellant used a deadly weapon and that he had a duty to seek alternative means prior to using such a deadly weapon with force. Instruction No. 4 informed the jury that in their assessment of whether appellant acted reasonably under the circumstances, they were to consider whether appellant could have responded differently other than grabbing a fork and stabbing Mr. Morelli in the eye.

■■■ Appellant further contends that the district court erred when it instructed the jury on appellant's departure from the scene of the assault and battery. Appellant asserts that the instruction was prejudicial because it singled out and highlighted this one piece of circumstantial evidence to the jury. We find it significant that appellant does not contend that the instruction was erroneous. The district court gave the following instruction regarding flight:

## INSTRUCTION NO. 9

You are instructed that flight by itself is not sufficient to establish the guilt of the Defendant. It may be considered by you as merely a circumstance to be considered with other factors as tending to show a consciousness of guilt.

■■■ We hold the district court did not err in giving this instruction on flight. We have held that flight is admissible as evidence of guilt. *Gentry v. State*, 806 P.2d 1269, 1275 (Wyo.1991); *Smizer v. State*, 752 P.2d 406, 411 (Wyo.1988); *Jones v. State*, 568 P.2d 837, 845 n. 10 (Wyo.1977). In this case, there was evidence that appellant did in fact leave the Village Inn after he stabbed Mr. Morelli in the eye and he was apprehended a short distance from the Village Inn by the Cheyenne Police Department. This evidence supported the district court giving the instruction on flight. Instruction No. 9 is also a correct statement of the law: Flight by itself is not sufficient to establish the guilt of a defendant, but it may be considered as merely a circumstance to be considered together with other factors as tending to show a consciousness of guilt. *Jones*, 568 P.2d at

845 n. 10. The district court clearly did not abuse its discretion by giving this instruction which correctly stated the law and its applicability to the evidence produced at trial.

## ISSUE II: SUFFICIENCY OF THE EVIDENCE STANDARD OF REVIEW

The standard we employ in reviewing sufficiency of evidence claims is well established:

[The standard] is this court's assessment as to whether all of the evidence presented is "adequate to support a reasonable inference of guilt beyond a reasonable doubt to be drawn by the finder of fact, viewing the evidence in the light most favorable to the state." * * * We do not substitute our judgment for that of the jury in applying this rule, and our only duty is to determine if a quorum of reasonable and rational individuals would, or even could, have come to the same result the jury actually did.

*Taul v. State,* 862 P.2d 649, 657 (Wyo.1993) (*quoting Saldana v. State,* 846 P.2d 604, 619 (Wyo.1993)); *see also Springfield v. State,* 860 P.2d 435, 449 (Wyo.1993).

## DISCUSSION

 Appellant contends that the evidence produced at trial was insufficient to negate his claim of self-defense. Appellant argues that his assertion of self-defense was believable and that the State did not disprove it. Appellant, therefore, surmises that the evidence was insufficient to convict him.

The jury was presented with testimony that Mr. Morelli politely asked appellant to keep his language and conversation down. Testimony was given that appellant did not like being told what to do and reacted by trying to get out of the booth, shoving Mr. Morelli in the process. Mr. Morelli reacted to appellant's shoving by grabbing appellant around the neck and pushing him back down in the booth to calm him down. The jury heard testimony that Mr. Morelli released appellant, putting both of his hands on the table, while looking at Mr. Harris and requesting that he try to keep appellant calmed down. Further, the jury heard testimony

that while Mr. Morelli's hands were on the table and he was acting in a non-threatening manner, appellant picked up a fork and stabbed Mr. Morelli in the eye.

It is not our function to assess the facts of this case or reweigh the evidence. In this process, we must assume that "the jurors believe only the evidence adverse to the defendant." It is the role of the jury, as fact finder, to evaluate the evidence * * * as well as weigh the credibility of the witness[es].

*Taul,* 862 P.2d at 657 (*quoting Springfield v. State,* 860 P.2d at 449 (citations omitted)).

We hold that taking as true all the evidence of the State, including every favorable inference that can be drawn and leaving out entirely the evidence of appellant that conflicts therewith, sufficient evidence exists in the record to sustain appellant's conviction.

## ISSUE III: TESTIMONY REGARDING VICTIM'S INJURY DISCUSSION

Appellant contends that testimony elicited from Mr. Morelli and his wife by the prosecution and some of the prosecution's remarks in opening statement and closing argument amounted to improper victim impact testimony, and was thus irrelevant to the issues before the jury and unfairly prejudicial to appellant.

Mr. Morelli and his wife each testified as to the severity of Mr. Morelli's eye injury. Mr. Morelli's testimony was centered on the pain the injury had caused and the effect on his ability to work. Mrs. Morelli then testified about the number of visits made to the doctor, the medication prescribed which she helped administer, and the extent of pain caused to Mr. Morelli.

Appellant argues that the following remarks in the prosecutor's opening statement were impermissible victim impact remarks:

The fork goes in behind the eye, causes severe damage, and the doctor will testify to that. Mr. Morelli will testify as to the pain and the problems with the eye, which really is his real good eye. He's a little nearsighted in the other eye. And he's in a great deal of pain.

* * * * * *

Joe will describe the injury, whether or not he's going to lose that eye. It's still troubling him. You will notice he still wears the patch over that thing.

Appellant further contends that the following remarks by the prosecutor in closing argument amounted to impermissible victim impact remarks:

And then when the waiter and John pulled Joe away, he could have sat there and it's all over with, and Joe still has his eye and doesn't have to worry about the doctor bills and the pain that goes with that, and not knowing that he's going to be blind in that eye for the rest of his life for a man 60 years old. He shouldn't be subjected to that. That did not have to happen. It did not have to happen. If this defendant had been sober, this probably would not have happened. He would not have to be here. You would not have to be here.

■ Appellant argues that the testimony of Mr. Morelli and his wife regarding his injury and the foregoing prosecution's remarks are irrelevant and constitute reversible error as described by our decision in *Justice v. State*, 775 P.2d 1002 (Wyo.1989). Because appellant objected only one time, which was during Mr. Morelli's testimony, and he stated no grounds for objection, we analyze appellant's allegation of error under the plain error rule. Appellant has the burden of proving:

(1) the record clearly shows what occurred at trial,

(2) transgression of a clear and unequivocal rule of law, and

(3) which adversely affected one of [appellant's] substantial rights. Failure to establish each element of this three-part test precludes a finding of plain error.

*Taul*, 862 P.2d at 656 (*quoting Geiger v. State*, 859 P.2d 665, 668 (Wyo.1993) (citations omitted)).

As we stated in *Taul* and *Justice*, victim impact testimony is irrelevant unless there is clear justification for its admittance; however, admission of such testimony may be harmless error. *Taul*, at 656; *Justice*, at 1010–11.

The testimony of Mr. Morelli and his wife, taken in their totality, was not victim impact testimony. It was, therefore, relevant and admissible. *Taul*, at 656. The context in which the testimony of Mr. Morelli and his wife was given shows that it related to Mr. Morelli's injury which was caused by a deadly weapon. In order to convict appellant for aggravated assault and battery, the State had to prove appellant used a deadly weapon. Evidence of Mr. Morelli's injury and the extent of his injury was needed to prove that the fork was a deadly weapon.

While some of the individual isolated questions and answers may have been irrelevant, as a whole, the testimony was relevant and any error presented by the irrelevant victim impact testimony was harmless.

*Taul*, 862 P.2d at 656 (*quoting Geiger*, 859 P.2d at 668); *see also Justice*, 775 P.2d at 1011.

■ The prosecution's remarks in opening statement and closing argument were proper. The prosecutor's remarks in opening statement related to the severity of Mr. Morelli's injury in the context that the State would prove that appellant used a deadly weapon, causing bodily injury to Mr. Morelli. This was a proper introduction to the jury of a part of the State's theory of the case. The context in which the prosecution's remarks in closing argument were given shows that they related to whether or not appellant acted reasonably under the circumstances. This related to appellant's self-defense claim and the State's belief that they had satisfied the burden of disproving that claim.

Appellant has not established his burden of proving that a transgression of a clear and unequivocal rule of law occurred. *Taul*, at 656. From the foregoing analysis, we find no prejudicial error, plain or otherwise.

### CONCLUSION

We find no reversible error in the trial of this case. Appellant's judgment and sentence, therefore, are affirmed.