Thomas James PRINDLE, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 97–27.

Supreme Court of Wyoming.

Sept. 17, 1997.

Sylvia Lee Hackl, State Public Defender; Donna Domonkos, Appellate Counsel; Michael Dinnerstein, Director, Wyoming Defender Aid Program; Arturo A. Aguilar and Kevin Sullivan, Student Interns, Wyoming Defender Aid Program, for Appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Kimberly A. Baker–Musick, Assistant Attorney General, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

GOLDEN, Justice.

Thomas James Prindle (Prindle) appeals from his grand larceny (auto theft) conviction, raising issues concerning jury selection, unfairly prejudicial evidence, erroneous instructions to the jury and prosecutorial misconduct. After reviewing the record, we find Prindle received a fair trial. We affirm.

## ISSUES

Appellant Prindle presents the following statement of the issues:

1. Did the court deprive the appellant of his fundamental constitutional right to a fair trial by refusing to excuse a juror for cause who was clearly biased?

2. Did the court deprived [sic] the appellant of his due process right to a fair trial by refusing to bar evidence that he fled from the police even though it was more prejudicial than probative, by improperly drawing the jury's attention to that evidence by giving an instruction on flight over defense counsel's objection, and by failing to explain to the jury that there may have been reasons for the appellant's flight fully consistent with innocence of the crime with which the appellant was charged?

3. Did the prosecutor deprive the appellant of a fair trial by improperly arguing during his summation matters that were never introduced into evidence at trial?

Appellee State replies with these issues:

I. Whether the district court abused its discretion when it refused to dismiss a juror for cause?

II. Whether the district court abused its discretion when it allowed evidence of appellant's flight from police?

III. Whether the district court erred in instructing the jury?

IV. Whether statements made by the prosecutor during closing argument deprived appellant of a fair trial?

## FACTS

At 2:00 p.m. on May 18, 1996, the victim went into Foster's Country Corner, in Laramie, Wyoming, to play pool, leaving her keys in her car. At 6:00 p.m. she discovered that her car was missing, and the police were

notified. At approximately 10:00 p.m. on that same night, Nebraska law enforcement personnel were alerted that a possible drunk driver was headed east on Interstate 80 near Ogallala, Nebraska. Deputy Sheriff Cochran observed Prindle driving on the interstate at a speed of thirty-five miles-per-hour in an area where the posted speed limit was sixty-five miles-per-hour. The vehicle Prindle was driving was weaving within the traffic lane.

When Prindle pulled into a rest area, Deputy Cochran followed him and activated his flashers. Prindle then pulled further into the rest area, and Deputy Cochran followed. When Deputy Cochran exited his vehicle and approached Prindle, Prindle drove away, leading the deputy and other officers on a high speed chase. Prindle eventually flipped his car and was apprehended. A video device in Deputy Cochran's car captured the chase on tape. Upon running a check on the license plates on the car Prindle was driving, Deputy Cochran learned it had been reported stolen from Laramie, Wyoming.

Prindle was charged with stealing the victim's car, in violation of WYO. STAT. § 6–3–402(a) and (c)(i). Before trial, Prindle filed a motion in limine to prevent the use of the video tape from Deputy Cochran's car as evidence. Prindle argued that the tape was more prejudicial than probative. The trial court, however, disagreed, denied Prindle's motion in limine, and allowed the tape to be introduced into evidence.

At trial Prindle challenged a venireperson for cause because her father was in the F.B.I. for twenty-five years, her brother-in-law was a Texas police officer, and she had been a robbery victim. The trial court denied Prindle's challenge for cause, and Prindle used a peremptory challenge to remove her from the jury panel. Prindle used all of his peremptory challenges during panel selection.

The jury found Prindle guilty of larceny, and the judge subsequently sentenced Prindle to no less than five years and no longer than nine years, with credit for time served in the Albany County Detention Center. Prindle timely filed this appeal.

## DISCUSSION

*Failure to dismiss a potential juror*

 Prindle contends he did not receive a fair trial by a fair and impartial jury because a potential juror was biased against him, and he was forced to use one of his peremptory challenges when the trial court refused to dismiss the juror for cause. Article 1, § 10 of the Wyoming Constitution provides, in pertinent part, "[i]n all criminal prosecutions the accused shall have the right to ... a speedy trial by an impartial jury...." Further, a potential juror may be challenged for cause if that person "has formed or expressed an opinion as to the guilt or innocence of the accused, or is biased or prejudiced for or against the accused." WYO. STAT. § 7–11–105(a)(ii) (1997).

> The test to be applied in determining whether a prospective juror should be dismissed for cause is whether that person would render a fair and impartial verdict based on the evidence presented at trial and the instructions given by the court. *Munoz v. State*, 849 P.2d 1299, 1302 (Wyo. 1993). Whether a juror is biased is a question of fact for the trial judge. *Jahnke v. State*, 682 P.2d 991, 1000 (Wyo. 1984). A trial judge's decision will only be reviewed for an abuse of discretion. *Munoz*, 849 P.2d at 1302.

*Kerns v. State*, 920 P.2d 632, 635 (Wyo.1996). There is no abuse of discretion where the trial court could reasonably conclude as it did. *Schwenke v. State*, 768 P.2d 1031, 1035 (Wyo.1989).

 Prindle claims that the potential juror should have been dismissed for cause because her father was in the F.B.I. for twenty-five years, her brother-in-law was a police officer in Texas, and she had been the victim of a crime. The court denied Prindle's challenge for cause, and Prindle was forced to use one of his peremptory challenges to remove the potential juror in question. However, when asked, defense counsel passed the jury for cause. When a defendant passes a jury panel for cause, he waives his claim to reversible error. *Kerns*, 920 P.2d at 635; *Munoz v. State*, 849 P.2d 1299, 1302 (Wyo.1993). Prindle cannot establish

reversible error by the district court because he accepted the jury as it was impaneled. Therefore, we need not consider whether the district court abused its discretion when it refused to dismiss the potential juror for cause.

### The video taped evidence

Prindle claims the video-taped evidence of his flight from police was improperly admitted because the potential for unfair prejudice substantially outweighed its probative value. Wyoming Rule of Evidence 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The balancing test required by Rule 403 is assigned to the sound discretion of the trial court. *Jennings v. State*, 806 P.2d 1299, 1305 (Wyo.1991). An abuse of discretion has been said to mean an error of law committed by the court under the circumstances. *Pearson v. State*, 811 P.2d 704, 707 (Wyo.1991). A court does not abuse its discretion unless it acts in a manner exceeding the bounds of reason or commits an error of law under the circumstances. *Id.* The ultimate issue becomes whether the court could reasonably conclude as it did. *Id.* The appellant has the burden of demonstrating that an abuse of discretion took place. *Id.* When appealing from a Rule 403 decision to admit evidence, the appellant must show that the evidence had little or no value and it was extremely inflammatory or introduced solely for the purpose of inflaming the jury. *Jennings*, 806 P.2d at 1305.

Prindle filed a motion in limine before trial, seeking to preclude the State from showing the video tape which captured the high-speed chase in Nebraska. He claimed that the video tape would inflame and impassion the jurors, that it was highly prejudicial, cumulative, and that any probative value was substantially outweighed by its prejudicial effect. Immediately before trial, the court held a hearing to address the motion in limine.

In response to Prindle's arguments, the State explained that it intended to use the tape to illustrate that Prindle fled from police, thereby making the tape probative as to his consciousness of guilt. The State also noted that when he was arrested, Prindle told the officers another person had been in the car with him, thus insinuating that someone else stole the car, but got out before the chase-ending crash. The State asserted the video tape was relevant to rebut Prindle's defense because it showed that Prindle was the sole occupant of the vehicle.

Finding that the video tape was probative both with respect to flight as evidence of consciousness of guilt and as to the substantive matter of the criminal charge, the trial court ruled that the State could introduce the video tape into evidence. In doing so, the trial court specifically weighed the probative value of the tape against its prejudicial effect and found the probative value substantially outweighed any danger of unfair prejudice. No further objection was made, and the video tape was played for the jury.

On appeal, Prindle again argues that the video tape was improperly admitted into evidence. In response, the State relies on cases from this Court to argue that since the tape showed Prindle fleeing from a law enforcement officer, it was evidence of consciousness of guilt. *See e.g., Baier v. State*, 891 P.2d 754, 760 (Wyo.1995); *Gentry v. State*, 806 P.2d 1269, 1275 (Wyo.1991). However, we find that Prindle's claim that another person, purportedly the thief, was in the car with Prindle and escaped gives the video tape substantial probative value in this case. It was apparently clear from the video tape that no one exited the vehicle at the time Prindle claimed to have lost his passenger. We cannot say that the trial court abused its discretion when it determined the video tape was more probative than prejudicial. The admission of the evidence was not error.

### Jury instruction on flight

Prindle claims the trial court erred when it gave jury instruction number 15, concerning flight from law enforcement. We will not rule jury instructions defective ab-

sent a showing of prejudice and that the instructions confused or misled the jury as to the proper principles of law. *Yung v. State,* 906 P.2d 1028, 1035 (Wyo.1995).

At the jury instruction conference, Prindle objected to the instruction offered by the State concerning flight as evidence of consciousness of guilt. Prindle argued that the instruction was being used to bolster the State's case and that there was no evidence that Prindle fled from Albany County. Prindle also argued that his flight could have been due to consciousness of guilt of another crime, unrelated to knowing the vehicle he was driving was stolen.

The trial court noted that Prindle may have fled because he was driving drunk and *without a license,* rather than because he was driving a stolen vehicle. The trial court ruled that it would allow both counsel to argue their positions concerning what Prindle's flight from the officer did or did not show, adding language to the State's proposed instruction which allowed both counsel to argue their positions. The instruction given as Instruction No. 15 provided:

> A defendant's flight from law enforcement authorities may be considered as a circumstance to be evaluated with other factors as tending to show a consciousness of guilt on the part of a defendant of criminal misconduct. Flight by itself is not sufficient to establish the guilt of the defendant for the charged offense and may be considered as merely a circumstance to be considered with other factors in reaching a decision as to the guilt or innocence of the defendant.

Although the above instruction is not as clear as it could be, it is a correct statement of the law. *See Baier v. State,* 891 P.2d at 760; *Gentry,* 806 P.2d at 1275. While Prindle does not appear to complain that a flight instruction was given, he complains that his explanation of the flight was not properly integrated into the instruction. However, we find no indication in the record that Prindle offered any such instruction for the trial court's consideration. Our cases have mandated an instruction on the main defense of the defendant when such an instruction has been offered. *Benson v. State,* 571 P.2d 595,

599 (Wyo.1977) (explanation of possession of recently stolen property is deserving of a jury instruction, *if offered* ); *Blakely v. State,* 474 P.2d 127 (Wyo.1970); *State v. Hickenbottom,* 63 Wyo. 41, 69, 178 P.2d 119, 131 (Wyo. 1947). It is not error where, as here, the defendant does not offer an instruction on the main theory of the defense. *Benson,* 571 P.2d at 599.

Prindle was given the opportunity to explain his position to the jury, and the jury was allowed to make its own determination, based on the facts presented and a proper jury instruction. We can find no abuse of discretion in the trial court's decision to give the instruction concerning flight as evidence of consciousness of guilt under these circumstances.

*The prosecutor's comments*

Finally, Prindle contends that the prosecutor made improper comments during closing argument, thereby denying him his constitutional right to a fair trial. Prindle claims that the prosecutor testified as an unsworn witness to facts which were not introduced into evidence. However, defense counsel did not object to the prosecutor's comments, thereby waiving all but plain error. *Taul v. State,* 862 P.2d 649, 658 (Wyo. 1993). To invoke the plain error doctrine, the record must be clear as to the incident alleged as error, a clear and unequivocal rule of law must have been violated, and that violation must have adversely affected a substantial right of the accused, resulting in material prejudice. *Warhawk v. State,* 849 P.2d 1326, 1327 (Wyo.1993). "Plain error is difficult to find in closing argument, lest the trial court becomes required to control argument because opposing counsel does not object." *Taul,* 862 P.2d at 659.

We have previously reminded litigants:

> In presenting a closing argument, the prosecutor is entitled to reflect upon the evidence and to draw reasonable inferences from that evidence in order to assist the jury in its function.... The purpose of closing argument is to give both the prosecution and defense counsel the opportunity to explain the significance of the

evidence and how it should be viewed.... Finally, we have previously said that the scope of permissible argument, as well as the injury caused by misconduct, are best determined by the trial judge.

*Dice v. State*, 825 P.2d 379, 384 (Wyo.1992) (quoting *Jeschke v. State*, 642 P.2d 1298, 1301–02 (Wyo.1982)).

A review of the record discloses the following comments during closing arguments, first, by defense counsel:

> In fact, there has been no evidence presented that he even had the opportunity to steal the car. There was no evidence presented he was ever in Albany County. [The victim] testified, she testified she didn't—she didn't know who took the car. She didn't see it driven away, didn't see the driver, didn't know who took it, didn't know exactly what time it was gone. She was out at Fosters where a lot of people come and go. No one noticed anything suspicious.
>
> If a man as big as Tom Prindle carrying a suitcase and a duffle bag, and that's what Officer Cochran testified was in the car that were belongings belonging to Tom, a man walking around with a suitcase and a duffle bag going through the parking lot, rummaging around, was doing that, don't you think somebody would have noticed that activity out there at Fosters? Don't you think that would have attracted some attention?

In response to that argument, the prosecutor offered the following rebuttal:

> Defendant talked about opportunity. Do we have opportunity here to take this vehicle? Oh, yeah. We had plenty of opportunity. It was easy for the Defendant to gain access to the vehicle. He didn't have to make a big show of it.
>
> He didn't have to break a window to get in, to jimmy rig the car or anything like that, no, the keys were in it. You heard [the victim] testify to that. The keys weren't in her purse, she left them in the vehicle, and those keys, of course, were *found with the vehicle back in Nebraska;* so it was easy for him to go through with big bags through the area of Fosters.

> We've been to Fosters. Some of us have, maybe some of us haven't. That's a motel type of complex, and people are constantly carrying bags in and around that parking lot. And actually there are a lot of out-of-state travelers that are in that parking lot, too, and those people took no mind of who got into [the victim's] car. They didn't know [the victim], didn't know what she drove. The opportunity was there. It was easy.

We cannot say that the prosecutor went beyond the reasonable scope of a closing argument when he asked the jury to rely on its experience that people carry bags in and around a motel parking lot and that people may not have noticed who got into the victim's car. Since the prosecutor did not violate an unequivocal rule law, no plain error occurred. Prindle's main defense was that someone else stole the car from that parking lot and that he was not alone in the car. Prindle was able to present that defense to the jury. However, the State presented abundant evidence, including a video-taped recording of the car and subsequent chase and testimony from the officers involved that they did not see and were not able to find the "partner" Prindle claimed jumped out of the car. The jury, as the fact-finder, apparently did not believe Prindle's defense.

## CONCLUSION

The trial court did not abuse its discretion when it refused to dismiss a juror for cause, admitted videotaped evidence which was relevant to the case and instructed the jury on the law of flight as evidence of consciousness of guilt. The prosecutor did not violate an unequivocal rule of law when he commented on the fact that people carrying bags are a common occurrence in motel parking lots. Therefore, we affirm the judgment and sentence against the appellant in this case.