**1302**

Cecil A. CUNDY, Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 94–277.

Supreme Court of Wyoming.

June 20, 1995.

Cecil A. Cundy, Sundance, appellant pro se.

Joseph B. Meyer, Atty. Gen., D. Michael Pauling, Sr. Asst. Atty. Gen., Theodore E. Lauer, Director, Prosecution Assistance Program, and Dee Morgan, Student Intern, Prosecution Assistance Program, for appellee.

Before GOLDEN, C.J., and THOMAS, TAYLOR, LEHMAN, JJ., and GUTHRIE, District Judge.

GUTHRIE, District Judge.

The sole issue presented in this appeal is whether the trial court erred in refusing to give an instruction which embodied the appellant's theory of the case. Reasoning that another instruction incorporated appellant's defense theory and that the proffered instruction was not relevant, the district court refused the instruction.

We affirm.

Cecil A. Cundy was convicted of three counts of battery in violation of WYO.STAT. § 6-2-501(b) (1988). The basis for his conviction were events that occurred around midnight on October 16, 1993, in Crook County. Eleven young people, ranging in age from fourteen to eighteen years, were confronted by Cundy, who advised them that they were trespassing on property belonging to the Sundance Mountain Resort, Inc., of which he was president. Tempers flared; harsh words were exchanged; and Cundy "touched" three of the trespassers when he attempted to remove them from the property.

Cundy offered two instructions. Instruction H was accepted and given as Jury Instruction 16:

An owner or a person rightfully in possession of property has the right to repel or terminate an unlawful intrusion. But he has no right to use any more force than is necessary.

The trial judge refused offered Instruction K, which contained "a lengthy definition of civil trespass":

Trespass is an unauthorized entry onto the land of another.

At common law, every man's land is deemed to be enclosed, and every unauthorized, and therefore unlawful entry into the closed, or private property, of another is a trespass.

The intention required to make a person a trespasser is an intention to enter upon the particular piece of land in question, irrespective of whether the actor knows or should know that he is not entitled to enter.

The person is liable as a trespasser for an intentional entry though he has acted in good faith, and under the mistaken belief, however reasonable, that he is committing no wrong.

An unauthorized remaining on land in another's possession is a continuing trespass for the entire time during which the actor wrongfully remains.

A trespasser continues to trespass merely by remaining inactive and wrongfully failing to remove from the premises after being notified to do so.

We agree with the trial court that Instruction K was not relevant, was confusing and would have added nothing to Cundy's defense.

 It is well recognized that a criminal defendant has the right to have a "theory of the case instruction," if it is fairly supported by the evidence. *Stagner v. State*, 842 P.2d 520, 522 (Wyo.1992). Theory of defense instructions are to be derived from and address criminal defenses provided for by statute or acknowledged by court decision. *Bouwkamp v. State*, 833 P.2d 486, 490 (Wyo. 1992).

It is clear that Jury Instruction 16 contained the essential elements of Cundy's defense; for example, his right to repel the trespassers. However, Cundy's request that Instruction K be given was an inappropriate effort to inject the civil tort of trespass into a criminal proceeding. As we observed in *Prime v. State*, 767 P.2d 149, 154 (Wyo.1989), "[w]e eschew a rule that every instruction offered by a defendant must be given if he

characterizes it as incorporating his theory of the case."

We hold that the trial court properly refused to give Instruction K. The judgment and sentence of the district court is affirmed.