### STATE OF NEW HAMPSHIRE V. TIMOTHY WARREN

March 29, 1974

*Warren B. Rudman,* attorney general, and *David W. Hess,* assistant attorney general *(Mr. Hess* orally), for the State.

*Alfred Catalfo, Jr.* and *Daniel Cappielo (Mr. Catalfo* orally) for the defendant.

KENISON, C.J.   The issue presented in this case is whether the trial court properly instructed the jury as to the intoxication and insanity defenses. The defendant was indicted for burglary (RSA 583:2) and arson (RSA 584:2) in connection with the burning of the Center Barnstead Elementary School on October 4, 1970, and was found guilty after a trial by jury. The Trial Court (*Dunfey,* J.) denied certain requested instructions of the defendant and reserved and transferred his exception thereto.

We have reviewed the trial court's instructions to the jury and hold that its explanation of the defenses was sufficient. Its detailed charge on insanity fully complied with the controlling legal principles set forth in *State v. Pike,* 49 N.H. 399, 429-44 (1870), and *State v. Jones,* 50 N.H. 369 (1871); *see* RSA 628:2 (Supp. 1973); Report of New Hampshire Commission to Recommend Codification of Criminal Laws 30 (1969).

Its charge on intoxication explained that the crimes of

burglary and arson required as an element of proof a finding that the defendant specifically intended to commit certain unlawful acts, and stated that the effect of alcohol was a factor to be considered with all others in resolving issues raised in the case. While this instruction was not as clear as that suggested by the defendant, its description of the defense properly informed the jurors that intoxication could prevent the formation of the requisite intent. *State v. Moody,* 113 N.H. 191, 193, 304 A.2d 374, 375 (1973); *see State v. Avery,* 44 N.H. 392, 398 (1862); *State v. Brough,* 112 N.H. 182, 185, 291 A.2d 618, 620-21 (1972); 1 Wharton, Criminal Evidence § 32 (13th ed. C. Torcia 1972); Annot., 8 A.L.R.3d 1236, § 4 (1966). *See also* RSA 626:4 (Supp. 1973), not in effect at the time of this case, which reads: "Intoxication is not, as such, a defense. The defendant may, however, introduce evidence of intoxication whenever it is relevant to negate an element of the offense charged, and it shall be taken into consideration in determining whether such element has been proved beyond a reasonable doubt."

*Defendant's exceptions overruled.*

All concurred.