Belknap
No. 6886

STATE OF NEW HAMPSHIRE

v.

ARMAND J. CALDRAIN

July 31, 1975

*Wescott, Millham & Dyer* and *Gary P. Westergren (Mr. Westergren* orally) for the defendant.

*Warren B. Rudman,* attorney general, and *Gregory H. Smith,* assistant attorney general *(Mr. Smith* orally), for the State.

GRIFFITH, J. The defendant was convicted in a trial by jury of breaking and entering a dwelling house in the nighttime with intent to commit rape. RSA 583-A:2, :3 (Laws 1967, 190:1, effective until November 1, 1973; *see* RSA 635:1). The Trial Court, *Loughlin,* J., reserved and transferred defendant's exceptions. The principal exception relied upon by the defendant is to the failure of the trial court to charge the jury that they might consider the effect of alcohol upon the mind of the defendant in determining whether defendant had an intent to commit rape. We sustain this exception and order a new trial.

There was evidence that in the early morning hours of April 8, 1972, the defendant was discovered in her home by Mrs. Helen Clemons. Thinking the defendant was her son, Mrs. Clemons got out of bed and approached the defendant in the dark. The defendant kissed her and she then turned on the light recognizing the defendant as a person she had known as a paperboy some seventeen years earlier. Mrs. Clemons thereupon pushed him out of the house and called the police.

There was substantial evidence that defendant was intoxicated. Mrs. Clemons testified that the defendant smelled of alcohol, staggered, spoke with blurred speech and was very intoxicated. In a written statement given to the police after his arrest, the defendant estimated he had drunk ten rum and cokes that evening before he went to Mrs. Clemons' house.

The defendant in this case is charged with a crime of specific intent. *Cf. State v. Brough,* 112 N.H. 182, 291 A.2d 618 (1972); *State v. McMillan,* 115 N.H. 268, 339 A.2d 21 (1975). His intent

at the time he broke and entered the home of Mrs. Clemons is a separate element of the offense charged. Evidence of his conduct is relevant on the issue of his intent but if there is substantial evidence of intoxication, the jury may consider whether "intoxication could prevent the formation of the requisite intent." *State v. Warren,* 114 N.H. 196, 197, 317 A.2d 566, 567 (1974); Annot., 8 A.L.R.3d 1236, § 4 (1966). *See also* RSA 626:4 (effective November 1, 1973), which provides: "Intoxication is not, as such, a defense. The defendant may, however, introduce evidence of intoxication whenever it is relevant to negate an element of the offense charged, and it shall be taken into consideration in determining whether such element has been proved beyond a reasonable doubt."

It is only when the evidence furnishes no rational basis for jury consideration of the requested instruction that it may be refused. *State v. O'Brien,* 114 N.H. 233, 317 A.2d 783 (1974); *State v. Bacon,* 114 N.H. 306, 319 A.2d 636 (1974). There was substantial evidence of intoxication in this case and the defendant was entitled to have the jury instructed that they could consider intoxication in determining whether he had the requisite intent.

*Defendant's exception sustained; new trial; remanded.*

All concurred.