**Joseph Pete DeLEON, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 94–141.**

Supreme Court of Wyoming.

June 9, 1995.

Leonard D. Munker, State Public Defender; Deborah Cornia, Appellate Counsel; and Diane M. Lozano, Legal Intern (argued), for appellant.

Joseph B. Meyer, Atty. Gen.; Sylvia Hackl, Deputy Atty. Gen.; D. Michael Pauling, Sr. Asst. Atty. Gen.; Theodore E. Lauer, Director, Prosecution Assistance Program; and Bryan D. Sidwell, Student Intern (argued), for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR, and LEHMAN, JJ.

LEHMAN, Justice.

Joseph P. DeLeon (appellant) appeals his conviction for concealing stolen property in violation of W.S. 6-3-403(a)(i) (1988). He claims errors in his trial relating to the proof of the element of "concealment," denial of a theory of the defense jury instruction and improper statements in the prosecutor's rebuttal closing.

We affirm.

Appellant raises three issues:

Issue I: Did the trial court err by denying Mr. Deleon's motion for acquittal because the State did not prove the "concealment" requirement under *Hunter v. State,* 704 P.2d 713 (Wyo.1985) and *Garcia v. State,* 777 P.2d 1091 (Wyo.1989)?

Issue II: Did the trial court err when it denied Mr. Deleon's theory of defense instruction and was Mr. Deleon therefore denied due process under both the Wyoming and Federal Constitutions?

Issue III: Did the prosecutor commit reversible error in his rebuttal argument?

The State rephrases the issues somewhat in its brief:

I. Was there sufficient evidence to permit the jury to find that appellant concealed the automobile?

II. Did the district court erroneously deny appellant's proposed theory of the case instruction?

III. In closing argument, did the prosecutor improperly comment on appellant's exercise of his right to silence, or improperly invade the province of the jury?

### FACTS

On November 23, 1993, Blake Twyford (Twyford) rented a Chevrolet Corsica from Avis in Denver and drove it to Cheyenne so he could spend Thanksgiving with his parents. Arriving late that night, he parked the car in front of his parents house, but he could not get the keys out of the ignition. So Twyford left the keys in the ignition and went inside to bed. The next morning the car was gone, and Twyford reported it stolen.

On December 2, 1993, the Corsica pulled out of an alley in front of a Cheyenne police officer. The car, driven by appellant, was pulled over for a traffic violation. A computer check confirmed that the car was stolen, and appellant was arrested. Appellant was charged with concealing stolen property in violation of W.S. 6–3–403(a)(i).

At trial appellant testified that on the night of November 23, 1993, after his shift at Applebee's restaurant, his car would not start so he had started to walk home. It was a typically cold Wyoming November night and, in order to warm himself up, appellant,

being underdressed for the occasion, began looking for an unlocked vehicle in which to sit for awhile. Appellant found the car that Twyford had rented and, noticing that the keys were still in it, drove it home. Appellant parked the car a couple of blocks from his house with the intention to leave it there for the police to find.

On December 1, 1993, however, appellant discovered that his driver-side window on his car was broken and would not roll-up. Not wanting to drive like that on a cold wintry day, appellant decided to see if the car he had taken the previous week was still parked where he had left it. It was, so appellant drove it to work. Later that night, after leaving a bar where he and some coworkers had gone after work, he pulled out in front of the police officer.

Appellant's defense at trial was that he was only "joyriding." The jury thought otherwise and convicted him of concealing stolen property. Appellant was sentenced to two to three years in prison with the sentence to run consecutively to a sentence for a previous conviction. *See DeLeon v. State,* 894 P.2d 608 (Wyo.1995). Appellant now appeals.

### DISCUSSION

#### A. Sufficiency of the Evidence

██ Our review of claims regarding sufficiency of the evidence is limited to ascertaining

> whether all of the evidence presented is "adequate to support a reasonable inference of guilt beyond a reasonable doubt to be drawn by the finder of fact, viewing the evidence in the light most favorable to the state." * * * We do not substitute our judgment for that of the jury in applying this rule, and our only duty is to determine if a quorum of reasonable and rational individuals would, or even could, have come to the same result the jury actually did.

*Baier v. State,* 891 P.2d 754, 761 (Wyo.1995) (*quoting Taul v. State,* 862 P.2d 649, 657 (Wyo.1993) and *Saldana v. State,* 846 P.2d 604, 619 (Wyo.1993)).

██ In his first issue, appellant challenges the sufficiency of the evidence regarding the

element of "concealment" in W.S. 6–3–403(a)(i). Appellant claims that under this court's holdings in *Hunter v. State*, 704 P.2d 713 (Wyo.1985) and *Garcia v. State*, 777 P.2d 1091 (Wyo.1989), concealment was not proven. Appellant reads those cases to require that the person who steals the property, in order to be convicted for concealment, must remove the property from the county where it was originally located. Appellant then concludes that, since he never left Laramie County with the car, he did not conceal it.

Appellant has misconstrued our holdings in *Hunter* and *Garcia*. In *Hunter*, the defendant was arrested in Laramie while driving a car stolen from Michigan. In the course of our analysis of the defendant's sufficiency of the evidence claim, we defined what was meant by concealment:

> "The word 'conceals' in the statute was not used in a technical sense but includes all acts done which render the discovery or identification of property more difficult. * * * Concealment is not limited to proof that the stolen property was hidden or kept out of sight, it is enough if it is proven that the property was withheld from the owner and made difficult for the owner to discover and this includes acts or conduct which enables the one who received the stolen goods to convert the property to his own use. * * *" *State v. Moynahan*, 164 Conn. 560, 325 A.2d 199, 212 (1973), *cert. denied* 414 U.S. 976, 94 S.Ct. 291, 38 L.Ed.2d 219 (1973).

*Hunter*, 704 P.2d at 717–18 (citations omitted). We concluded that driving the car from Michigan to Wyoming made it unlikely that its owner would discover the car's whereabouts; and, accordingly, we affirmed the defendant's conviction for concealing stolen property. Likewise in *Garcia*, citing our definition of "concealment" articulated in *Hunter*, we affirmed a conviction for concealing stolen property when the defendant had taken a stolen car from Laramie to Cheyenne. *Garcia*, 777 P.2d at 1095.

Granted, appellant is correct in pointing out that in both cases the stolen vehicle was taken across county lines; and certainly, by so doing, those defendants had made it more difficult for the true owner to discover the whereabouts of his property. However, in neither case was that fact the *sine qua non* of our holdings. The basis of our holdings in those cases was that the defendants did some act which made it more difficult for the owner of the property to discover where his property was located. In *Hunter* and *Garcia* it just so happened that the defendants had taken the vehicles across county lines, but they could just as easily have made discovery of the vehicles by their owners more difficult without ever even leaving the neighborhood.

■ In this case there is more than sufficient evidence that appellant rendered the discovery of the vehicle difficult, thus concealing it from its owner. Appellant took the car from the Twyford house, drove it home and parked on a city street several blocks away. The car was still parked where appellant had left it a week later when he returned to use it again. Appellant's actions made the discovery of the car more difficult and, therefore, concealing it from its true owner. There is sufficient evidence to support the jury's determination that appellant was guilty of concealing stolen property.

## B. Theory of the Defense Instruction

Next, appellant claims that the district court erred by refusing his proffered instruction on "joyriding." W.S. 31–11–102. Appellant claims that there was evidence at trial to support giving the instruction, namely his own testimony on his intentions in taking and using the vehicle. Also, notwithstanding the fact that "joyriding" is not a lesser included offense of concealing stolen property, appellant insists that the instruction should have been given in order to ensure a fair trial. The "unfairness" of which appellant complains is that joyriding is a lesser included offense of larceny but that prosecutors have the choice of electing to proceed under the concealment of stolen property statute, thereby depriving defendants of a lesser included instruction on a misdemeanor charge.

■ A requested theory of defense instruction must be given if it sufficiently informs the court of the defendant's theory, there is competent evidence to support it and if it is a defense recognized by statute or

common law. *Bouwkamp v. State*, 833 P.2d 486, 490 (Wyo.1992). If the defense is not recognized by any statute or case law of Wyoming, it is not to be given. *Id.*

■ "Joyriding" is not a proper theory of defense to a charge of concealing stolen property. The "joyriding" statute, W.S. 31–11–102, defines a crime, not a defense. A defendant is entitled to an instruction on another crime only if that crime is a lesser included of the charged offense, otherwise no instruction is to be given. *State v. Keffer*, 860 P.2d 1118, 1133–34 (Wyo.1993).

■■ The prosecutor is vested with the exclusive power to determine who to charge with a crime and with what crime to charge them. *Billis v. State*, 800 P.2d 401, 417 (Wyo.1990). The prosecutor elected to charge appellant with concealing stolen property, not larceny. That decision was completely within the prosecutor's discretion and, in the absence of any proof that the prosecution is based on improper reasons such as race or religion, we cannot and will not disturb that decision. *Id.* The district court did not err in refusing the instruction.

### C. Closing Argument

■ Finally, appellant complains about the following comments made by the prosecutor during rebuttal closing:

We have a person in possession of a car eight days later. So let's go one step further and we charge him with, as [defense counsel] would like to see, theft of the car, stealing with intent to permanently deprive the possessor of that possession, the intent to permanently deprive. So we filed that charge, we come up here, *Mr. DeLeon exercises his right not to testify, doesn't want to, doesn't say anything.* And we bring in the same evidence that we showed you earlier, and I think nothing would be different.

We have no evidence of theft. There is always that idea in the back of your mind, thinking, well, he had it eight days later, maybe some other guy took it and he borrowed it. Maybe he didn't steal the car. So the State hasn't met their burden of proof.

It's not a theft case. And that's why we have on the statutes, whether the defense likes it or not, the concealing of stolen property if it's taken in violation of the law, no matter who took it. He's not charged with theft. The defense would like to see that testimony case, because we might not have gotten this far. *This judge would have thrown us out, rightfully so.*

(Emphasis added.) Appellant claims that the latter comment invaded the province of the jury by suggesting an improper basis for a verdict and that the former comment was an improper comment on his right to silence.

Appellant failed to object at trial, so our review is confined to a search for plain error. *Taul v. State*, 862 P.2d 649, 658 (Wyo.1993).

We look to see if (1) the record clearly shows the alleged error, (2) a clear and unequivocal rule of law was transgressed, and (3) a substantial right of appellant was adversely affected.

*Id.; see also Geiger v. State*, 859 P.2d 665, 668 (Wyo.1993). Plain error is difficult to find in closing argument, otherwise a trial court will be required to control argument because of opposing counsel's failure to object. *Taul*, 862 P.2d at 659.

We find no error in the prosecutor's comments, let alone plain error. In his closing argument, defense counsel argued that appellant was being charged with the wrong crime, he should have been charged with larceny. The prosecutor was simply rebutting that argument by pointing out to the jury that the only evidence that appellant stole the car was appellant's own testimony. Thus, the prosecutor reasoned, if he had been charged with larceny and he then did not take the stand and testify, there would have been no evidence of a theft and the charges would likely have been dismissed. There was no error in the prosecutor's statements, he was simply replying to the defense's argument.

### CONCLUSION

There was sufficient evidence to convict appellant of concealing stolen property.

There was no other error in appellant's trial; therefore, his conviction is affirmed.