Mark WILKENING, a/k/a Mark
Merchant, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 95–164.

Supreme Court of Wyoming.

Sept. 4, 1996.

Sylvia Lee Hackl, State Public Defender; Deborah Cornia, Appellate Public Defender, Cheyenne, Wyoming Public Defender Program, and Tim Newcomb of Grant & Newcomb, Laramie, for appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General, Cheyenne, for appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN,* and LEHMAN, JJ.

THOMAS, Justice.

The only issue presented in this appeal is whether the refusal of a trial court to give a proposed instruction, that the jury should treat the testimony of law enforcement officers like any other evidence and not give such testimony special consideration, infringed upon the right of Mark Wilkening (Wilkening) to due process of law. We hold such an instruction is not appropriate because it is not a correct statement of the law, and the district court correctly addressed the subjects of weight of the evidence and credibility of witnesses in its other instructions. There is no such constitutional error as Wilkening

* Chief Justice at time of oral argument

claims, and the Judgment and Sentence entered in the trial court is affirmed.

Wilkening, in his Brief of Appellant, states the issue in this way:

Did the trial court's refusal to give a requested jury instruction, that testimony of law enforcement witnesses is not entitled to any special consideration, violate due process when no other jury instruction covered such a request?

The Brief of Appellee, filed on behalf of the State of Wyoming (State), offers a similar statement of the issue:

Whether the trial court properly declined to give appellant's tendered jury instruction to the effect that the testimony of law enforcement officers was to be evaluated by the same standard applied to other witnesses?

On the night of April 2, 1994, Wilkening entered the apartment of a seventy-seven-year-old woman. She requested that he leave, but he told her to be quiet, shoved her back on her bed, and struck her across the chin. He slashed her hand with a knife and committed two separate sexual assaults. Then Wilkening demanded money and, after locating the victim's purse, took a $50 bill and two $20 bills out of her wallet, and took the wallet as well. He also took a newspaper clipping, an obituary of the victim's cousin.

The evidence against Wilkening can be summarized as overwhelming. The victim found his wallet on the floor next to her bed. Latent fingerprints on a piece of paper in the wallet found by the victim matched Wilkening's fingerprints. She furnished a description of her attacker that matched Wilkening. The results of a sexual assault test performed on the victim disclosed the seminal fluid came from a person who is a nonsecretor, consistent with Wilkening's type O blood.

The victim described the clothes her assailant was wearing. The following morning, Wilkening had gone to the apartment of a friend to obtain fresh clothing, and he left blood-stained clothing in the apartment. His blood-stained clothes were consistent with the clothing described by the victim, and the stains were type A blood, consistent with that of the victim.

Subsequently, while driving the vehicle of another friend, Wilkening was stopped by a Wyoming highway patrol officer because there were no license plates on the car. Wilkening had taken the vehicle without permission and, after being questioned about the registration, Wilkening was arrested. A search incident to that arrest disclosed Wilkening's identity, which matched the identity described in the documents found in the wallet left near the victim's bed. He appeared to match the victim's description, and he had the victim's wallet containing her identification. The search also produced a $50 bill, two $20 bills, the obituary he had taken, and a pocket knife described as a "butterfly knife."

Wilkening was charged with two counts of first degree sexual assault in violation of WYO. STAT. § 6–2–302(a)(i) (1988); one count of aggravated burglary in violation of WYO. STAT. § 6–3–301(c) (1988); and one count of aggravated robbery in violation of WYO. STAT. § 6–2–401(a) and (c)(ii) (1988). After a two-day trial, Wilkening was convicted on all counts. He was sentenced to a life term on each charge of first degree sexual assault, and a term of not less than twenty, nor more than twenty-five, years for each of the counts of aggravated burglary and aggravated robbery, with the provision that all sentences run concurrently. Wilkening appeals from that Judgment and Sentence.

Wilkening's sole claim of error in this appeal is the refusal of the trial court to give the following instruction proposed by Wilkening:

YOU ARE INSTRUCTED that certain portions of the State's evidence has [sic] been presented by law enforcement officials. You are to judge this evidence by the same standards as any other evidence, and the testimony of those law enforcement officers is not entitled to any special consideration just because it came from them.

The State's position is that the proposition advanced in Wilkening's proposed instruction was covered adequately by general instructions numbered 1 and 2, which correctly reflect the law regarding the jury's consider-

ation of the testimony of witnesses. The pertinent aspects of those instructions are:

### INSTRUCTION NO. 1

\*    \*    \*    \*    \*    \*

On the other hand, it is the exclusive province of the jury to weigh and consider all evidence which is presented to it; to determine the credibility of all witnesses who testify before you, and from such evidence and testimony, to determine the issues of fact in this case.

\*    \*    \*    \*    \*    \*

You are the exclusive judges of the facts and of the effect and value of the evidence, but you must determine the facts from the evidence produced here in Court.

In admitting evidence to which an objection is made, the Court does not determine what weight should be given such evidence; nor does it pass on the credibility of the witness.

The jury is the sole judge of the credibility of the witnesses, and of the weight to be given their testimony. You should take into consideration their demeanor upon the witness stand, their apparent intelligence or lack of intelligence, their means of knowledge of the facts testified to, the interest, if any, which any witness may have in the outcome of the trial, the prejudice or motives, or feelings of revenge, if any, which have been shown by the evidence. In so doing, you may take into consideration all of the facts and circumstances in the case and give such weight as you think the same are entitled to, in the light of your experience and knowledge of human affairs.

### INSTRUCTION NO. 2

\*    \*    \*    \*    \*    \*

If you believe from the evidence in this case that any witness willfully and corrupt-

ly swore falsely to any material fact in this case, then you are at liberty to disregard all or any part of that testimony, except insofar as the same has been corroborated by other and credible evidence, and the facts and circumstances proved during the trial.

Wilkening contends the rule encompassed in his proposed instruction was not covered by these other instructions, and the district court improperly rejected his proposed instruction. He contends the failure to give the instruction prevented him from a proper presentation of his theory of the case, and the refusal of the court to give the instruction infringed upon his federal and state right to due process of law.[1]

■■■■ Wilkening cites *Oien v. State*, 797 P.2d 544, 548 (Wyo.1990), as articulating the test for rejection of theory of the defense jury instructions:

> A trial court violates Wyoming's constitutional due process guarantee when it fails to give to the jury the defendant's theory of the case or defense instruction if that theory properly articulates Wyoming law, is not presented by another instruction, and has competent evidence to underpin the request.

As we have said in other instances, we decline Wilkening's invitation to regard his proposed instruction as a theory of the case instruction. It only incorporated Wilkening's theory with respect to a particular aspect of the evidence. Not every instruction must be given simply because there is a claim that it incorporates a theory of the case. *Cundy v. State*, 897 P.2d 1302 (Wyo.1995); *Bouwkamp v. State*, 833 P.2d 486 (Wyo.1992); *Prime v. State*, 767 P.2d 149 (Wyo.1989). We hold Wilkening's proposed instruction does not present a defense recognized in this state by statute or judicial decision and, instead, is nothing more than an effort to comment on the evidence by telling the jury how to con-

---

1. Wilkening does not cite specific provisions of the federal or state constitutions. We assume he intended to rely upon U.S. Const. amend. XIV, which provides, in pertinent part:

   Nor shall any State deprive any person of life, liberty, or property, without due process of law; \* \* \*.

We also assume reliance upon Wyo. Const. art. 1, § 6, which states:

   No person shall be deprived of life, liberty or property without due process of law.

sider certain evidence. We eschewed that protestation in *Ellifritz v. State,* 704 P.2d 1300 (Wyo.1985).

 In any event, Wilkening's claim of error fails to meet the *Oien* test because it is not a correct statement of the law. Wilkening offers no authority to support his contention that a special instruction, separate from others, is necessary to advise the jury that evidence presented by law enforcement officials or officers is to be judged by the same standards as any other evidence, and their testimony is not entitled to any special consideration. Our own search has led us to no such authority. Instead, we have discovered two cases that are contrary. In *Patrick v. State,* 516 N.E.2d 63, 65 (Ind.1987) (emphasis added), the court said:

> **A trial court should not single out a particular witness or group of witnesses in an instruction.** *Beasley v. State* (1977), 267 Ind. 396, 370 N.E.2d 360. Even if we would assume for the sake of argument that appellant's Tendered Instruction No. 1 could properly have been given, it was not necessary to do so when the trial court had covered the subject matter by another instruction. *Bricker v. State* (1976), 264 Ind. 186, 341 N.E.2d 502.

Earlier, the Indiana court had said in *Beasley v. State,* 267 Ind. 396, 370 N.E.2d 360, 363 (1977) (emphasis added):

> Defendant's tendered instruction No. 7 could not have been properly given. **We have previously stated that the trial court should not single out the testimony of any witness and attack its credibility or indicate an opinion as to the weight that should be accorded to it.** *Hackett v. State,* (1977), 266 Ind. 103, 360 N.E.2d 1000; *Taylor v. State,* (1972) 257 Ind. 664, 278 N.E.2d 273; *Gayer v. State,* (1965) 247 Ind. 113, 210 N.E.2d 852.

Wilkening's proposed instruction singling out "law enforcement officials" or "law enforcement officers" and instructing the jury regarding the standard to use for considering the evidence presented by, and the weight to be given to, their testimony would not be given in Indiana. It simply draws special attention to an area which we have ruled is the exclusive province of the jury, that is the weight of the evidence and the credibility of witnesses.

 In addition to the failure of the proposed instruction to encompass a correct statement of the law, Wilkening's argument must fail because the district court correctly encompassed the subject matter in Instructions 1 and 2. The court must give instructions that furnish guidance to the jury in their deliberations and aid them in arriving at a proper verdict. The instructions should inform the jury of the applicable law in a manner readily understood so the jury will not be misled. Instructions 1 and 2 satisfy that requirement precisely.

Wilkening's proposed instruction was not a correct statement of the law. The district court properly rejected the invitation to single out law enforcement officials by not giving his proposed instruction. The subject matter was correctly and appropriately encompassed in other instructions. There was no violation of Wilkening's right to due process by the refusal to give his proposed instruction.

The Judgment and Sentence is affirmed.