James Edward BRETT, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 97–86.

Supreme Court of Wyoming.

Aug. 11, 1998.

---

Sylvia Lee Hackl, State Public Defender; Donna D. Domonkos, Appellate Counsel; Steven S. Singer,* Director, Scott J. Newton and Galen Woelk, Student Interns, of the Wyoming Defender Aid Program. Argument by Scott J. Newton and Galen Woelk, for Appellant (Defendant).

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Kimberly A. Baker–Musick, Assistant Attorney General. Argument by Kimberly A. Baker–Musick, for Appellee (Plaintiff).

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,** JJ.

GOLDEN, Justice.

James Edward Brett (Brett) appeals from his judgment and sentence after a jury found him guilty of burglary, in violation of WYO. STAT. § 6–3–301. Brett claims that the trial court erred when it failed to instruct the jury with his proffered instructions concerning the definition of the word "deprive" as it is used in the larceny statute, the definition of "felony," the crime of unauthorized use of a vehicle, and his defense theory of the case instruction concerning self-intoxication. The trial court must instruct the jury on each and every element of the crime charged and on the defendant's theory of the case, if that theory is supported by competent evidence and is an accurate statement of the law. The proffered instruction defining "deprive" as the intent to permanently deprive the lawful owner of possession and the instruction concerning self-intoxication should have been given to the jury. Therefore, we reverse and remand for a new trial.

## ISSUES

Appellant Brett presents two issues for our review:

Issue I: Whether the trial court erred when it refused to properly instruct the jury?

Issue II: Whether the trial court erred by refusing to give a self-intoxication instruction to the jury when the evidence clearly warranted one?

---

* Orders granting Singer's motions to withdraw as counsel on behalf of the Appellant entered on May 18, 1998.

** Chief Justice at time of oral argument.

The State, as appellee, presents only one issue:

> Whether the trial court properly instructed the jury.

## FACTS

On September 17, 1996, the victim was closing the shop where he worked. When the victim opened the side door of the building, he saw his 1979 Chevrolet pickup being driven away. The victim yelled at the driver and ran across the parking lot and into the street, trying to stop the vehicle. As the pickup went past him, he grabbed the door handle and the mirror on the passenger side, looked into the window, and saw Brett driving. The victim let go of the vehicle after he observed who was driving.

The victim was standing in the street when a fellow who knew him came along. The victim flagged him down and asked for a ride. The pair followed the victim's pickup until it turned right at an intersection, using the turn signal. However, by the time they arrived at the intersection, they could no longer see the pickup. They drove around the block and did not see the pickup, so the victim went back to his place of employment to finish locking up the building and called the police.

After he called the police to report his vehicle stolen, the victim drove his employer's truck to look for his vehicle. As he was driving up the street, he saw his pickup parked in a local automotive parts store parking lot. He parked the service truck behind the pickup and walked over and looked in the window to see if his key was still in the ignition. When he saw that the key was missing, he opened the door to look inside. He smelled beer and saw a pack of cigarettes on the seat. The victim neither drinks nor smokes, so he surmised the man who took his truck left them there. The victim then called the police from the phone inside the store and informed them that he had located his vehicle.

When the police officer arrived, he inspected the vehicle and drove the victim to the police station to complete some paperwork. After the paperwork was complete, the offi-cer drove the victim back to the service vehicle and his own vehicle in the parking lot. The victim then took it upon himself to drive around and look for the person who took his vehicle. He found Brett in front of a local gas station. The victim drove to a nearby relative's home and called the police to inform them that the suspect was at the gas station. After making that call, he watched Brett until police arrived.

A police officer approached Brett, told him he needed to talk to him about a vehicle theft, patted him down for weapons and discovered an unopened bottle of vodka, three beers, and a full pack of cigarettes in his pockets. Shortly thereafter, the victim arrived and identified Brett as the person he observed driving his pickup. Brett was then handcuffed, placed in a patrol car and taken to the police department.

On September 19, 1996, a criminal complaint and warrant were issued, alleging Brett was guilty of burglary, in violation of Wyo. Stat. § 6–3–301. Brett pled not guilty, and a jury trial was held on November 26, 1996.

During the jury instruction conference, Brett offered several jury instructions which were refused by the trial court. Defense counsel properly preserved the issue for appeal by specifically objecting to the trial court's decision not to present his proffered instructions to the jury. The jury found Brett guilty of the crime of burglary, and the judge sentenced Brett to twenty-eight to sixty months in the state penitentiary, with credit for time served. This appeal timely followed.

## STANDARD OF REVIEW

Brett contends that the instructions which were given did not present elements of the crime charged which related to his defense. He also contends that the trial court improperly refused to give an instruction presenting his theory that he was intoxicated to the point of being unable to form the intent to steal. Whether a defendant had the requisite intent to steal is a question of fact for the jury, based on proper instruction on

the law from the trial court. *Stapleman v. State*, 680 P.2d 73, 76 (Wyo.1984).

It is well established that a trial court has a duty to instruct the jury on the general principles of law applicable to the case before it. A trial court is given wide latitude in instructing the jury, and we will not find reversible error as long as the instructions given to the jury correctly state the law and adequately cover the relevant issues. *Baier v. State*, 891 P.2d 754, 756 (Wyo.1995).

When determining whether the charge to the jury properly expressed the issues actually raised by the evidence, we look at the charge in its entirety, reading all of the instructions together. *Vigil v. State*, 859 P.2d 659, 663 (Wyo.1993); *Baier*, 891 P.2d at 756; *Hatheway v. State*, 623 P.2d 741, 743 (Wyo.1981). Jury instructions should inform the jury about the applicable law so the jury may apply that law to its findings on the material factual issues. *Compton v. State*, 931 P.2d 936, 939 (Wyo. 1997). "It is critical that instructions correctly articulate Wyoming law because it is from the instructions that a jury decides if someone is to be found guilty or not guilty." *Oien v. State*, 797 P.2d 544, 548 (Wyo.1990).

Failure to instruct the jury on an essential element of a criminal offense is fundamental error, requiring reversal of the defendant's conviction. *Compton*, 931 P.2d at 940. Similarly, "[a] trial court violates Wyoming's constitutional due process guarantee when it fails to give to the jury the defendant's theory of the case or defense instruction if that theory properly articulates Wyoming law, is not presented by another instruction, and has competent evidence to underpin the request." *Wilkening v. State*, 922 P.2d 1381, 1383 (Wyo.1996) (citing *Oien*, 797 P.2d at 548). Such a denial of due process is reversible error per se. *Oien*, 797 P.2d at 549.

When an instruction has been offered presenting the defendant's theory of the case, or defense, that instruction or a similar instruction must be presented to the jury if it is supported by competent evidence. *Stapleman*, 680 P.2d at 75 (citing *Goodman*

*v. State*, 573 P.2d 400, 408 (Wyo.1977); *Blakely v. State*, 474 P.2d 127 (Wyo.1970)). We look to the record to determine if competent evidence presented at trial required an instruction presenting the defendant's theory. *Stapleman*, 680 P.2d at 75. In reviewing the record for competent evidence, we view the evidence in a light as favorable to the accused as is justifiable. *Id.; Eatherton v. State*, 761 P.2d 91, 95 (Wyo.1988). The instruction must be given if a jury could reasonably conclude the evidence supports the defendant's position, even if the court deems the evidence to be weak or unworthy of belief. *Stagner v. State*, 842 P.2d 520, 523 (Wyo.1992).

## DISCUSSION

Brett was charged with, tried, and convicted of burglary. Wyoming Statute § 6–3–301(a) (1997) provides that "[a] person is guilty of burglary if, without authority, he enters or remains in a building, occupied structure or vehicle, ... with intent to commit larceny or a felony therein." Brett claims that the trial court's failure to give his proffered jury instructions denied him his right to due process of law guaranteed by the Wyoming and United States Constitutions.

*Proposed Jury Instruction A*

Brett contends the trial court erred when it refused to give his proffered instruction defining "felony:"

Defendant's Proposed Instruction No. A

"Felony" means that the crime may be punished by death or by imprisonment for more than one (1) year. All other crimes are misdemeanors....

Source: W.S. § 6–10–101

Brett contends the jury was confused when it was told that one of the elements of burglary was that he had to intend to "commit larceny or a felony therein." However, it is clear from the record that the prosecutor presented argument and evidence that the felony Brett intended to commit when he entered the truck was larceny. No evidence or argument was presented concerning any other felony. When no competent evidence is presented to support a defendant's theory

of the case instruction, that instruction is properly refused. An instruction which merely defined the term "felony" would not have assisted the jury and may have been confusing or misleading. The trial court did not err in refusing to give defendant's proposed instruction A.

*Proposed Jury Instruction C*

■ Brett also claims the trial court erred when it refused to give the statutory definition of "unauthorized use of a vehicle." He contends that evidence presented at trial tended to show that he did not intend to take the vehicle permanently. He urged the jury to find that he only intended to make temporary use of the vehicle. In support of that argument, he tendered the following instruction:

Defendant's Proposed Instruction No. C

Wyoming Statute § 31–11–102, defines the crime of Unauthorized Use of Vehicle as follows:

Any person who without specific authority of the owner or his authorized and accredited agent willfully, wantonly, maliciously takes possession of, or drives, propels or takes away, or attempts to take possession of, drive, propel, or take away a vehicle, which was the property of another, for the purpose of temporarily making use of the vehicle ... upon conviction, is guilty of a misdemeanor punishable by imprisonment for not more than one year, a fine of not more than $1,000.00, or both.

■ While we agree that the above is a correct statement of the law and that evidence was presented from which a reasonable jury might have found that Brett was not guilty of burglary, but was guilty of unauthorized use of a vehicle, we repeatedly have held that "[t]he prosecutor is vested with the exclusive power to determine who to charge with a crime and with what crime to charge them." *DeLeon v. State*, 896 P.2d 764, 768 (Wyo.1995) (citing *Billis v. State*, 800 P.2d 401, 417 (Wyo.1990)). The proposed instruction asked the trial court to instruct the jury on an additional uncharged offense which did not constitute a lesser-included offense. Contrary to defense counsel's objection at trial, the trial court need

not instruct the jury so that the jury may "review any similar type offenses and make a decision accordingly." "A defendant is entitled to an instruction on another crime only if that crime is a lesser included of the charged offense, otherwise no instruction is to be given." *DeLeon*, 896 P.2d at 768 (citing *State v. Keffer*, 860 P.2d 1118, 1133–34 (Wyo. 1993)). "[I]n the absence of any proof that the prosecution is based on improper reasons such as race or religion, we cannot and will not disturb that decision." *DeLeon*, 896 P.2d at 768. Brett makes no such claim here, and we affirm the district court's decision to refuse to give the instruction.

*Proposed Jury Instruction D*

■ Brett's proposed jury instruction D regarding the meaning of the word "deprive" in the larceny statute directly tracks the definition of the word found in WYO. STAT. § 6–3–401 (1997):

Defendant's Proposed Instruction No. D

"Deprive" means:

(A) To withhold property of another permanently or for so extended a period as to appropriate a major portion of its economic value or with intent to restore only upon payment of reward or other compensation; or

(B) To dispose of the property so as to make it unlikely that the owner will recover it....

Source: W.S. § 6–3–401(a)(ii)(A) and (B).

Brett asserts a violation of his constitutional right to due process occurred when the trial court failed to give this proposed instruction, which defines an element of the crime of larceny. The State does not argue that the instruction did not accurately reflect the law in Wyoming, or that the issue was sufficiently covered by other jury instructions. The jury was instructed that larceny "means the act of stealing, taking and carrying, leading or driving away the property of another with intent to deprive the owner or lawful possessor." The State contends that the "only logical conclusion possible from the State's evidence" was that Brett intended to permanently deprive the owner of his vehicle. We disagree.

If the evidence at trial fairly raised the question that Brett may not have intended to permanently deprive the owner of his vehicle, an instruction presenting that issue to the jury must be given. *Goodman v. State*, 573 P.2d 400, 409 (Wyo.1977). Viewing the record in the light most favorable to Brett, we must determine whether there is competent evidence from which a reasonable juror could infer that Brett intended only to make temporary use of the vehicle.

In addition to remarks made by both attorneys in their opening and closing remarks, which indicate that Brett's intent to permanently or temporarily deprive the victim of his property was at issue, the evidence showed that Brett only drove the truck four blocks and walked away from the vehicle, the undamaged truck was recovered within half an hour, in plain view, in the middle of the parking lot, and none of its contents were missing. While the trial court may not have been convinced that Brett did not intend to permanently deprive the owner of his vehicle, that determination is not for the trial court or this Court. It is a factual issue for the jury to decide.

The trial court failed to provide the jury with the statutory definition of a term which described an essential element of the crime of larceny, which was fairly raised by Brett and was material to this case. "[T]he failure to give any instruction on an essential element of a criminal offense is fundamental error, requiring reversal of the defendant's conviction." *Vigil v. State*, 859 P.2d 659, 662 (Wyo.1993) (citations omitted). Therefore, we reverse the conviction based on the trial court's failure to properly instruct the jury.

*Proposed Jury Instruction E*

█ Finally, Brett contends that the trial court erred when it refused to give the following instruction:

Defendant's Proposed Instruction No. E

Evidence has been introduced tending to show that at the time the crime of Burglary as defined in Instruction No. ___ was allegedly committed, the defendant was suffering from self-induced intoxication.

Self-induced intoxication is a defense to the crime of Burglary if the defendant was

intoxicated to such a degree that he was unable to formulate the intention to commit larceny or to commit the felony, being the larceny of a vehicle worth more than $500.00, at the time he entered the vehicle without authority.

Intoxication is self-induced if it is caused by substances which the defendant knows or ought to know have the tendency to cause intoxication and which he knowingly and voluntarily introduced or allowed to be introduced into his body unless the substances were introduced into his body pursuant to medical advice. The fact that the defendant was dependent upon the intoxicating substance is not relevant in determining whether his intoxication was self-induced.

Accordingly, if you find that the defendant, at the time of the unauthorized entry alleged in Instruction No. ___ was suffering from self-induced intoxication to such a degree that there is a reasonable doubt in your minds whether the defendant possessed the mental ability to form the intention to commit larceny or to commit the felony, being the larceny of a vehicle worth more than $500.00, at the time he entered the vehicle without authority as required by Instruction No. ___, then you should find the defendant not guilty of the crime of Burglary.

Source: [WYO. STAT.] § 6–1–202 [and] WPJIC 8.18 Self-induced Intoxication.

█ Again, the State does not argue that the instruction did not accurately reflect Wyoming law or that the issue of intoxication was sufficiently covered by other instructions to the jury. The right to a self-intoxication instruction rests upon whether the offered instruction is sufficient to inform the court of the defendant's theory and there must be competent evidence in the record to support the theory. *Goodman*, 573 P.2d at 408 (citations omitted). Brett was charged with a crime of specific intent, burglary. His intent at the time he entered the vehicle is a separate element of the offense charged. *Id.* at 411 (quoting *State v. Caldrain*, 115 N.H. 390, 342 A.2d 628, 629 (1975)). The jury may consider whether intoxication could prevent

the formation of the requisite intent if there is competent evidence of intoxication. *Id.*

In determining whether the issue of voluntary intoxication was fairly raised, we must view all the evidence in a light favorable to the defendant. *Id.* at 412. Aside from the numerous references to the intoxication issue during opening and closing arguments by both counsel, the police report showed that "the suspect had the strong odor of an alcoholic beverage coming from his person and breath, his eyes were watery and bloodshot, and the suspect was a little unsteady on his feet." Brett was carrying a half pint of vodka and three cans of beer when he was stopped. Brett left his cigarettes in the victim's vehicle and when the officer told him he knew what kind of cigarettes he smoked, Brett asked the officer how he knew what brand he smoked. Brett even asked the officer if he was a lawyer. In all, of ninety-one pages of witness testimony, thirty-three pages refer in one way or another to Brett's level of intoxication. Competent evidence was developed in the record during trial to support the requested instruction. "[T]he assurance of a fair trial requires an affirmative consideration of the intoxication issue by the jury under proper instructions." *Id.* It was, therefore, error for the trial court to refuse the intoxication instruction. *Id.*

## CONCLUSION

The trial court erred in instructing the jury, denying Brett his right to due process under the United States and Wyoming Constitutions. We reverse and remand for a new trial.

THOMAS, Justice, concurring and dissenting.

I agree that this conviction must be reversed because of the failure of the trial court to instruct on the statutory definition of the word "deprive" found in WYO. STAT. § 6–3–401 (1997). I would not, however, find any error in the failure to give the requested instruction on the defense of involuntary intoxication.

My understanding of the evidence in the record differs from that described in the majority opinion. The only evidence in the record, from which intoxication might be inferred, is found in the testimony of the victim that he could smell beer in his pickup when he recovered it and in the report of the arresting officer that is summarized in this way:

The suspect had the strong odor of an alcoholic beverage coming from his person and breath, his eyes were watery and bloodshot, and the suspect was a little unsteady on his feet.

While this information is reiterated several times in the record, it is the same information, and its weight is not enhanced by repetition. Even when confronted with the notation in his report, the arresting officer was unequivocal and unwavering in his testimony that, in his opinion, Brett was not intoxicated. This is a subject about which the lay person can give an opinion (*State v. Cantrell*, 64 Wyo. 132, 186 P.2d 539 (1947)), although the experienced officer well might have qualified as an expert. Brett did not testify.

The evidence upon which the majority relies would serve to establish that Brett had consumed intoxicating beverages, and, in the absence of the opinion of the officer, might suffice for purposes of the instruction. Even in that event, however, it is nothing more than an invitation to the jury to speculate, which is not permissible. *See Patterson v. State*, 682 P.2d 1049 (Wyo.1984). Given the state of the evidence in this case, the district court did not err in refusing to give the instruction on voluntary intoxication. While the proffered instruction was a correct statement of the law, it was not supported by the evidence.