**Joanie OLSON, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 97–289.

Supreme Court of Wyoming.

Aug. 11, 1998.

Hardy H. Tate and Dianna D. Bennett, Sheridan, for Appellant(Defendant).

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Kimberly A. Baker–Musick, Assistant Attorney General, Cheyenne, for Appellee(Plaintiff).

Before LEHMAN, C.J., and MACY, GOLDEN and TAYLOR*, JJ. and KALOKATHIS, District Judge.

KALOKATHIS, District Judge.

Appellant challenges her judgment and sentence for involuntary manslaughter, claiming that the self-defense instruction was improper. We reverse and remand for a new trial.

### ISSUES

Appellant, Joanie Olson (Olson), states the issue as:

Whether the trial court erred when it provided the jury with a self-defense instruction when self-defense is inconsistent with the "recklessly" element of Wyo. Stat. 6–2–105(a)(ii); Involuntary Manslaughter.

The State of Wyoming, as appellee, asks "[w]hether the jury was properly instructed[.]"

### FACTS

Olson and the deceased, Roy Olson, were married for almost twenty-four years. Their marriage ended on January 26, 1997 when Roy Olson died from gunshot wounds sustained while he and his wife scuffled for a gun.

On January 26, 1997, Mr. Olson informed Mrs. Olson that he was filing for divorce. Mrs. Olson became upset, and the couple began to argue. The argument escalated, and Mr. Olson hit Mrs. Olson, pushed her down, jerked her hair and swore at her. Mrs. Olson retreated to her bedroom.

While in her bedroom, Mrs. Olson retrieved a .22 caliber revolver in an effort to scare her husband into leaving. Mrs. Olson left the bedroom and found her husband near an outside door. She asked him to leave. He would not. She brandished the gun, and he leapt onto her while she held the gun. The couple struggled on the floor, and the gun went off several times. Mr. Olson got up from the floor and left the house. He later died at the hospital from four gunshot wounds.

* Chief Justice at time of oral argument.

Mrs. Olson was charged with involuntary manslaughter, and a jury convicted her of that crime. Olson claims the district court erred in giving a self-defense instruction because involuntary manslaughter is a crime involving reckless conduct, not an intentional killing as a self-defense instruction contemplates.

### DISCUSSION

Since the prosecution requested the self-defense instruction and Olson objected, we review the instruction conference to understand why the prosecution would make such an extraordinary request. Olson tendered Jury Instruction Nos. 8 and 9 to justify the threat to use deadly force. Jury Instruction No. 8 is based on the definition of aggravated assault and battery, Wyo. Stat. § 6–2–502(a)(iii) (1997). Jury Instruction No. 8 stated:

You are instructed that a person may threaten the use of a drawn deadly weapon on another if reasonably necessary in defense of her person, property or abode or to prevent serious bodily injury to another.

Jury Instruction No. 9 is based on the definition of reckless endangerment, Wyo. Stat. § 6–2–504(b) (1997). Jury Instruction No. 9 stated:

Any person who knowingly points a firearm at or in the direction of another, whether or not the person believes the firearm is loaded, commits a reckless act unless reasonably necessary in the defense of her person, property or abode, or to prevent serious bodily injury to another.

At the instruction conference, the prosecution did not object to these instructions, but requested a self-defense instruction, providing the following justification:

[T]he court has already indicated that it will give defense proposed Instructions 8 and 9, both of which indicate that a person may threaten the use of a drawn deadly weapon if necessary—if reasonably necessary in defense of person.

I've asked that the Court give that instruction so that the jury knows what the contours of that defense and legal requirements of that defense are.

In providing an instruction on self-defense,[1] the district court reasoned:

> The court is concerned that in a case such as the one presented the jury will be curious as to the law regarding self-defense. I'm afraid we'll get questions about that if we don't tell them up front what the law is.

Olson objected to the use of a self-defense instruction, arguing that self-defense is not available in an involuntary manslaughter case.

■ A self-defense instruction was not being offered as a defense to involuntary manslaughter. Rather, it purported to define the contours of the right to threaten deadly force. However, it failed to explain its limited purpose. A jury could reasonably conclude that it was to apply self-defense to the physical altercation resulting in the death. But, as given, the instruction failed to assign to the State the burden of negating self-defense beyond a reasonable doubt as *Small v. State*, 689 P.2d 420, 422–23 (Wyo.1984), *cert. denied*, 469 U.S. 1224, 105 S.Ct. 1215, 84 L.Ed.2d 356 (1985) requires.[2] For that reason, we reverse and remand for a new trial.

■ The retrial should not include Jury Instruction Nos. 8 and 9, because they clash with the statutory definition of the crime of involuntary manslaughter.[3] Recklessness is an element of involuntary manslaughter. It involves the concept of gross deviation from the standard of conduct expected of a reasonable person. In contrast, Jury Instruction No. 8 holds that threats with a drawn deadly weapon amount to recklessness, if not reasonably necessary for self-defense. Jury Instruction No. 9 holds that pointing a firearm at another amounts to recklessness, unless reasonably necessary for self-defense.

The instructions do not explain the consequences of a failure of proof on the necessity to threaten the use of deadly force. These instructions imply that the failure to establish necessity equates to recklessness. This is at odds with the statutory definition of recklessness. Recklessness, as defined for involuntary manslaughter, involves a gross deviation from reasonableness, not a lack of necessity to threaten deadly force. For this reason alone, Jury Instruction Nos. 8 and 9 should not be given. Moreover, becoming armed and threatening deadly force is but one link in a chain of events leading to the physical altercation and the death. The conduct of Olson throughout this entire episode is to be measured against the statutory definition of "recklessly." The jury must be free to consider the evidence as a whole against that definition without the embellishment represented by Jury Instruction Nos. 8 and 9.

Reversed and remanded for a new trial.

---

1. The self-defense instruction the district court gave stated:
   > You are instructed that in order for the defense of self-defense to justify the use of deadly force two conditions must be met:
   > 1. The Defendant must believe that she was in imminent danger of death or great bodily harm from which she could save he[r]self by using deadly force against her assailant; and
   > 2. The circumstances were such that a reasonable person would deem it necessary to use such deadly force in order to avoid infliction of death or great bodily harm upon her person.
   > To justify the use of such deadly force it must appear that the Defendant was in great peril of death or serious bodily harm, or had reasonable grounds for so believing, and actually did believe herself to be in great peril of death and serious bodily harm. It must appear that the killing was a necessary and reasonable means of avoiding the threat and harm, and the fact and circumstances surrounding the event must be such as to afford grounds for such belief.

2. We recognize that *Small*, 689 P.2d at 422 is critical of self-defense for involuntary manslaughter, but do not decide this appeal on that basis.

3. Wyo. Stat. § 6–2–105(a)(ii) (1997) provides that "[a] person is guilty of manslaughter if he unlawfully kills any human being without malice, expressed or implied, either * * * [i]nvoluntarily, but recklessly except under circumstances constituting a violation of W.S. 6–2–106(b)."

   Wyo. Stat. § 6–1–104(a)(ix) (1997) defines "recklessly" as:
   - A person acts recklessly when he consciously disregards a substantial and unjustifiable risk that the harm he is accused of causing will occur, and the harm results. The risk shall be of such nature and degree that disregarding it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation * * *.